Debra WALKER, et al., Plaintiffs,

v.

Buddy ADAMS, et al., Defendants.

No. C 83–0574–L(B).

United States District Court,
W.D. Kentucky,
Louisville Division.

July 27, 1983.

Richard McHugh, Legal Aid Soc., Louisville, Ky., for plaintiffs.

Paul F. Fauri, Gen. Counsel, Cabinet for Human Resources, Frankfort, Ky., Ronald E. Meredith, U.S. Atty., Louisville, Ky., Juan A. delReao, Gen. Counsel, Dept. for Health and Human Services, Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

BALLANTINE, District Judge.

Plaintiff is the recipient of Aid to Families with Dependent Children (AFDC), who brings this action challenging her disqualification for benefits under a "lump sum rule."

Plaintiff settled a claim for damages arising out of an automobile accident. The net amount which she received was slightly more than $5,000.00. She reported this settlement to her case worker and she was thereafter notified that she would be ineligible for benefits for 31 months. Her ineligibility was to commence June, 1983.

As provided by 45 C.F.R. Section 205.10, plaintiff sought a hearing before the appropriate state agency. In accordance with the established policy, plaintiff's AFDC benefits were continued pending the outcome of that hearing. For reasons not entirely clear, plaintiff withdrew the re-

quest and commenced this action. The withdrawal of her request came too late to stop the issuance of her July check which was sent to her.

At a June 29, 1983, hearing on her application for preliminary injunction, plaintiff testified that she had spent substantially all of the settlement funds.

Title 42 U.S.C. Section 602(a)(17) provides:

"(a) A State plan for aid and services to needy families with children must

\* \* \* \* \* \*

(17) provide that if a person specified in paragraph (8)(A)(i) or (ii) receives in any month an amount of income which, together with all other income for that month not excluded under paragraph (8), exceeds the State's standard of need applicable to the family of which he is a member—

(A) such amount of income shall be considered income to such individual in the month received, and the family of which such person is a member shall be ineligible for aid under the plan for the whole number of months that equals (i) the sum of such amount and all other income received in such month, not excluded under paragraph (8), divided by (ii) the standard of need applicable to such family, and

(B) any income remaining (which amount is less than the applicable monthly standard) shall be treated as income received in the first month following the period of ineligibility specified in subparagraph (A);"

The lump sum rule provides, in substance, that unrecurring lump sum income is considered as available to meet present and future needs to the extent that it exceeds the state's standards of need as it applies to the assistance unit. Future disqualification is determined by dividing the standard monthly need into the lump sum, the resulting quotient being the number of months of future disqualification.

Plaintiff argues that Section 602(a)(17) applies only to those AFDC units which have earned income. Defendants, on the other hand, take the position that the regulations adopted by the Secretary compel the conclusion that the statute is not so restrictive.

45 C.F.R. Section 233.20(a)(3)(ii)(D) provides:

"Need and amount of assistance.

(a) *Requirements for State Plans.* A State Plan for OAA, AFDC, AB, APTD or AABD must, as specified below:

(3) *Income and resources:* OAA, AFDC, AB, APTD, AABD. \* \* \* \*

(ii) Provide that, in determining need and the amount of the assistance payment, after all policies governing the reserves and allowances and disregard or setting aside of income and resources referred to in this section have been uniformly applied:

\* \* \* \* \* \*

(D) Net income available for current use and currently available resources shall be considered; income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance;"

It is this regulation that plaintiff attacks.

The standards to be applied in determining whether to grant injunctive relief were articulated in *Mason County Medical Association v. Knebel,* 563 F.2d 256 (6th Cir. 1977), and recently reaffirmed in *Mobil Corp. v. Marathon Oil Co.,* 669 F.2d 366 (6th Cir.1981):

"1. Whether the plaintiff has shown a strong or substantial likelihood or probability of success on the merits;

2. Whether the plaintiff has shown irreparable injury;

3. Whether the issuance of a preliminary injunction would cause substantial harm to others;

4. Whether the public interest would be served by issuing the preliminary injunction." 669 F.2d at 369.

■ Plaintiff asserts that the language quoted in Section 602(a)(17), when read in conjunction with Section 602(a)(8)(A)(i) and (ii) supports her interpretation that the lump sum rule applies only to those recipients who have earned income and lump sum income. We disagree.

Section 602(a)(8)(A)(i) and (ii) provide only that in determining whether an AFDC unit is ineligible, certain earned income of the persons named shall not be considered.[1]

■ We likewise reject plaintiff's argument that the regulation impermissibly expands statutory mandate.

■ We start with the fundamental proposition that an agency's interpretation of a statute it is charged with enforcing is entitled to more than mere deference or weight. *Meade Township v. Andres,* 695 F.2d 1006 (6th Cir.1982).

As we have noted, we differ with plaintiff's interpretation of the statutory language of Section 602(a)(17). The Court reads the statute as applying equally to all AFDC recipients without regard to whether they have earned income or not, and the Court concludes that the regulation is valid. If we take plaintiff's argument to its ultimate conclusion, we would place a premium upon prompt dissipation of nonrecurring lump sum income.

Since the Court has determined that plaintiff has not satisfied the first standard of *Mobil Corp. v. Marathon Oil Co., supra,* we do not address other matters raised except as hereinafter noted.

Under normal conditions, the Court would have preferred more time to develop fully a discussion of all issues raised. It is at the urging of counsel for plaintiff that the Court has reached this conclusion before August 1, 1983. Thus, this memorandum is perforce brief.

At the hearing on the application for preliminary injunction, the state defendants relied on the argument that plaintiff had not exhausted her administrative remedies.

The federal defendant raises the same argument in her memorandum.

■ Plaintiff invoked the Court's jurisdiction under Title 42 U.S.C. Section 1983 and the recent case of *Patsy v. Board of Regents of State of Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982), excludes Section 1983 actions from the exhaustion rule.

Finally, we note that the state defendant has represented that had plaintiff pursued her administrative remedies, she would have been granted complete relief. Whether plaintiff elects to attempt to revitalize her request for a hearing is left to the judgment of her counsel.

Plaintiff's application for preliminary injunction will be denied.

---

1. Known in bureaucratic jargon as "disregards".