Linda FAUGHT, on behalf of herself and all other persons similarly situated, Plaintiff,

and

Yvonne Bradford, Intervenor,

v.

Margaret HECKLER, et al., Defendants.

Peggy McCLURG, Plaintiff,

v.

Michael REAGEN, et al., Defendants and Third-party Plaintiffs,

v.

Margaret HECKLER, Third-party Defendant.

Civ. Nos. 83–66–A, 83–132–A.

United States District Court, S.D. Iowa, C.D.

Oct. 11, 1983.

Carroll L. Lucht, Steven Nelson, Jacqueline Miller, Civil Litigation Project, College of Law, University of Iowa, Iowa City, Iowa, for Faught.

Kay Delafield, Legal Services Corp. of Iowa, Ottumwa, Iowa, for McClurg.

David H. Correll, Price, Correll & Sheerer, Cedar Falls, Iowa, for Bradford.

Thomas J. Miller, Atty. Gen. of Iowa, Candy Morgan, Asst. Atty. Gen., Des Moines, Iowa, Richard C. Turner, U.S. Atty., Robert C. Dopf, Asst., Des Moines, Iowa, for defendants.

## RULING AND ORDER

STUART, Chief Judge.

Pursuant to state and federal policies presently in effect in the State of Iowa, when a member of an Aid to Families with Dependent Children (AFDC) grant group receives a nonrecurring lump sum payment (such as inheritance), the lump sum is treated as income to be automatically prorated over a period of months. This represents a change from the former practice of treating the lump sum as income in the month of receipt and as a resource thereafter if not totally expended during the month of receipt. The present policy, which results in cancellation of AFDC benefits for a set period of time regardless of subsequent changes in circumstances (including depletion of the lump sum proceeds), is challenged in the above-captioned consolidated actions as being violative of the Social Security Act when applied to AFDC grant groups without earned income, as well as violative of the Due Process Clauses of the Fifth and Fourteenth Amendments.

The primary matters before the Court at this time are the parties' cross-motions for summary judgment. Plaintiffs have moved for summary judgment on their statutory claims against both the state and federal defendants, and the federal defendant seeks summary judgment on the statutory and due process claims asserted against her. In addition, the federal defendant moved for summary judgment on an equal protection claim which has since been abandoned by plaintiffs in their amended and substituted complaint, and the state defendants moved for summary judgment on a pendent state law claim concerning plaintiff Linda Faught only, which has similarly been dropped from the amended complaint. Because the motions pertaining to the equal protection claim and pendent state law claim have been rendered moot by the filing of the amended complaint, no ruling on them is required.

On August 12, 1983, the federal defendant moved for leave to file a reply brief. Although the reply brief has already been filed, the Court will grant defendant's motion for the record and will consider the reply brief in ruling on the cross-motions for summary judgment. The federal defendant's request for oral argument, filed August 18, 1983, will be denied.

Before proceeding to the summary judgment issues, the Court observes that plaintiffs seek certification of a plaintiff class under Fed.R.Civ.P. 23(b)(2), consisting of all persons in the state of Iowa whose AFDC grants were or will be canceled as a result of the proration of lump-sum payments received by a member of the AFDC grant group at a time when the grant group was receiving only unearned income. Defendants have not resisted certification of such a class, and the Court finds that this case meets all the requirements of Fed.R.Civ.P. 23(a) and 23(b)(2). Accordingly, the Court will certify the proposed plaintiff class.

■ There are no disputed facts in this case, but only questions of law. The case is therefore ripe for summary adjudication pursuant to Fed.R.Civ.P. 56. The Court will first address plaintiff's statutory claims in accordance with the Court's duty to avoid reaching constitutional issues

when a nonconstitutional ground for relief may suffice. *See, e.g., Wolston v. Readers Digest Association, Inc.,* 443 U.S. 157, 160–61 n. 2, 99 S.Ct. 2701, 2703–04 n. 2, 61 L.Ed.2d 450 (1979).

### I. *Statutory claim.*

This case results from changes in the AFDC program required by the Omnibus Budget and Reconciliation Act of 1981 (OBRA). First, OBRA amended 42 U.S.C. § 602(a)(7)(A) to provide that state AFDC plans must:

> (7) except as may be otherwise provided in paragraph (8) or (31) and section 615 of this title, provide that the State agency—
>
> (A) shall, in determining need, take into consideration any other income and resources of any child or relative claiming aid to families with dependent children, or of any other individual (living in the same home as such child and relative) whose needs the State determines should be considered in determining the need of the child or relative claiming such aid;

In addition, 42 U.S.C. § 602(a)(17) was amended to require state plans to:

> (17) provide that if *a person specified in paragraph (8)(A)(i) or (ii)* receives in any month an amount of income which, together with all other income for that month not excluded under paragraph (8), exceeds the State's standard of need applicable to the family of which he is a member—
>
> (A) such amount of income shall be considered income to such individual in the month received, and the family of which such person is a member shall be ineligible for aid under the plan for the whole number of months that equals (i) the sum of such amount and all other income received in such month, not excluded under paragraph (8), divided by (ii) the standard of need applicable to such family, and
>
> (B) any income remaining (which amount is less than the applicable monthly standard) shall be treated as

income received in the first month following the period of ineligibility specified in subparagraph (A);

(Emphasis added.)

Paragraphs (8)(A)(i) and (ii) of 42 U.S.C. § 602(a), referred to in § 602(a)(17), require a state AFDC plan to:

> (8)(A) provide that, with respect to any month, in making the determination under paragraph (7), the State agency—
>
> (i) shall disregard all of the earned income of each *dependent child receiving aid to families with dependent children who is* (as determined by the State in accordance with standards prescribed by the Secretary) *a full-time student or a part-time student who is not a full-time employee* attending a school, college, or university, or a course of vocational or technical training designed to fit him for gainful employment;
>
> (ii) shall disregard from the earned income of *any child or relative applying for or receiving aid to families with dependent children,* or of *any other individual (living in the same home as such relative and child) whose needs are taken into account in making such determination,* the first $75 of the total of such earned income for such month (or such lesser amount as the Secretary may prescribe in the case of an individual not engaged in full-time employment or not employed throughout the month);

(Emphasis added.)

Plaintiffs claim that the lump sum rule set forth in § 602(a)(17) applies by its terms only to persons with earned income, and that defendants' application of the rule to members of the plaintiff class (who have no earned income) is therefore contrary to the statute and illegal. Plaintiffs argue that the "person[s] specified in paragraph (8)(A)(i) or (ii)" are only persons with earned income.

In ruling on plaintiff Faught's motion for a preliminary injunction on April 5, 1983, this Court found that she was likely to

prevail on the merits of the claim just discussed. That finding was based largely on the opinion filed in conjunction with a grant of preliminary injunctive relief in *Sweeney v. Affleck*, 560 F.Supp. 1118 (D.R. I.1983), a case which addresses the same statutory question presented here.[1] Subsequent to this Court's April 5 ruling, at least four other district courts have considered the same statutory question and have expressed either outright disagreement with or strong doubts about the statutory interpretation in *Sweeney*.

For example, in *Reed v. Lukhard*, 578 F.Supp. 40, (W.D.Va.1983), Chief Judge James C. Turk stated:

> Plaintiffs' position that § 602(a)(8)(i) and (ii), as incorporated by § 602(a)(17), clearly contemplates that the lump sum rule applies only to AFDC recipients having earned income, is nothing but wishful thinking. If anything is to be decided from reading those two provisions in isolation, it would have to be in favor of the defendants' contentions: § 602(a)(8)(i) and (ii), without question, set forth certain categories of recipients, and then provide that certain portions of the "earned income" of those recipients be disregarded in making eligibility and need determinations under § 602(a)(7). It does not necessarily follow that the category of recipients set forth in § 602(a)(8)(i) and (ii), as incorporated by § 602(a)(17), includes only those having earned income; to argue that it does suggests an uncritical reading of the provisions.

*Id.* at 43–44.

Likewise, in *Walker v. Adams*, 578 F.Supp. 50 (W.D.Ky.1983), Judge Thomas A. Ballantine, Jr., wrote:

> Plaintiff asserts that the language quoted in Section 602(a)(17), when read in conjunction with Section 602(a)(8)(i) and (ii) supports her interpretation that the lump sum rule applies only to those re-

cipients who have earned income and lump sum income.

We disagree.

Section 602(a)(8)(i) and (ii) provide only that in determining whether an AFDC unit is ineligible, certain earned income of the persons named shall not be considered.

. . . .

> ... The Court reads the statute as applying equally to all AFDC recipients without regard to whether they have earned income or not ....

*Id.* at 52 (footnote omitted).

Also, in *Douthit v. Heckler*, 577 F.Supp. 88 (D.Neb.1983), Judge C. Arlen Beam opined that the *Sweeney* interpretation previously relied upon by this Court constitutes "an unduly restrictive reading of the statute given the stated intent of Congress and the clear language of other applicable portions of the Act, as amended." *Id.* at 90. Finding that the statutory provision in question "obviously, is susceptible to more than one interpretation", he looked to the legislative history and determined that the Congressional intent was "to disqualify a recipient upon the receipt of non-recurring payments and to remove the incentive to quickly spend such resources". He continued: "No statutory language or legislative intent can be found which limits the applicability of the law, as amended, to AFDC families who are actively 'earning' income."

*Id.* at 90 – 91. In conclusion, he stated:

> Paragraph (8)(A)(i) and (ii) enumerates, generally, (1) a dependent child, (2) a child or relative applying for or receiving AFDC, or (3) any other individual living in the same house as such relative and child whose needs are taken into account. There is no question that plaintiff is a "relative" seeking to continue aid to a dependent child. To modify this general description with the provisions of the paragraph describing the type and amount of "earned income" to be disre-

---

1. The analysis in the opinion on preliminary injunctive relief was subsequently adopted by the *Sweeney* court in ruling on the merits of the case via a motion for summary judgment.

garded is to misapply the intended use of the classification .... I find that the plaintiff is a person who is subject to disqualification whether or not she has earned income.

*Id.* at 91.

The most thorough discussion of reasons for rejecting the *Sweeney* interpretation appears at pages 1087–1089 of Judge Richard D. Rogers' opinion in *Clark v. Harder,* 577 F.Supp. 1085 (D.Kan., 1983), a copy of which is attached to the supplemental brief filed by the state defendants on August 10, 1983. Like Judge Beam in *Douthit, supra,* Judge Rogers found that the statute was ambiguous, that resort to the legislative history was necessary, and that the legislative history did not support a distinction between persons with earned income and those without. *Id.* at 1087–1088. He also found that the Dept. of Health and Human Services' interpretation of the statute deserved deference, especially since that agency had proposed the statute. *Id.* at 1088.

Having read the foregoing district court opinions and given further study to the statute in question, the Court cannot say that the statute is as unambiguous as it appeared to the Court initially. In fact, the Court now believes its earlier interpretation, and that of the *Sweeney* court, may well be erroneous because it confuses the "persons specified" in paragraphs (8)(A)(i) and (ii) with the action directed to be taken in those paragraphs. In any event, the Court agrees with the following analysis of Judge Rogers in concluding that the statute is ambiguous:

It appears to this court that the all-important paragraphs (8)(A)(i) and (ii) do not specify "persons" as much as they specify types and amounts of earned income which are not considered for the purpose of determining need for all persons applying for AFDC. Since all persons applying for assistance have their need determined in accordance with paragraph (8)(A)(i) and (ii), it is possible that all applicants are the persons "specified" for coverage by the lump sum rule.

Still, one can legitimately inquire why Congress would "specify" persons for application of the lump sum rule, if it intended to apply the rule to all AFDC applicants. In common parlance, the word "specify" contains some connotation of restriction. If Congress intended to restrict the population to which the lump sum rule applied, perhaps only AFDC recipients with earned income comprise the restricted population. The conclusion we draw from these points and questions is that the statute is ambiguous and that the meaning of the statute should be decided after examining the legislative history of the lump sum rule. Cf., *Tidewater Oil Co. v. United States,* 409 U.S. 151, 157 [93 S.Ct. 408, 412, 34 L.Ed.2d 375] (1972) ("it is essential that ... words of a statute [be placed] in their proper context by resort to legislative history."); *Hunt v. Nuclear Regulatory Commission,* 611 F.2d 332, 336 (10th Cir.1979) *cert. denied,* 445 U.S. 906 [100 S.Ct. 1084, 63 L.Ed.2d 322] (1980) (reference to legislative history appropriate "however clear" the statute's language).

*Clark, supra,* at 1087.

Although the *Sweeney* opinion does examine some legislative history in interpreting § 602(a)(17), this Court, upon closer study of the matter, cannot accept the conclusions *Sweeney* draws from that history. First, the *Sweeney* court found support for its interpretation in the following language from the Senate Budget Committee's report on OBRA:

*Count lump-sum payments.*

. . . .

The committee amendment would require that large payments, *together with other income remaining after the application of disregards,* be considered available to meet ongoing needs in the AFDC program. If such income exceeds the standard of need, the household would be ineligible for aid. Any amount of the income that exceeds the monthly needs standard would be divided by the monthly needs standard, and the house-

hold would be ineligible for aid for the number of months resulting from that calculation. Any remaining amount would be counted as income in the first month following the period of ineligibility.

S.Rep. No. 139, 97th Cong. 1st Sess. 436 (1981), *reprinted in* [1981] U.S.Code Cong. & Ad.News 702 (emphasis added). Chief Judge Boyle concluded that the emphasized language "makes clear that Congress intended the 'lump sum' policy to apply only to persons who have 'other income'." *Sweeney,* 560 F.Supp. at 1125. This Court cannot agree. It is more likely that the emphasized language merely means that other income, *if any,* is to be added to the lump sum, but only after the application of any disregards which may apply. Judge Boyle also concluded that the "other income" referred to could only be earned income, primarily because of the reference to disregards, which apply only to earned income. Again, this Court cannot agree that the emphasized language means that disregards are applicable in *every* case covered by the lump sum rule; rather, the reference to disregards probably means only that disregards shall be employed where applicable. *See also Clark v. Harder, supra,* at 1088 (phrase "other income", as used in Senate Budget Committee report, likely refers to both earned and unearned income).

▪ Another problem with the *Sweeney* court's analysis is that in its view, the statutory language was quite unambiguous; as a result, the court appears to have applied the rule that unambiguous statutory language controls absent a clear indication of a contrary legislative intent. *Sweeney,* 560 F.Supp. at 1124–25. This Court has concluded, however, that the statute *is* ambiguous; therefore, the rule cited in *Sweeney* does not apply. Moreover, the *Sweeney* court's application of that rule fails to give proper deference to the regulation of the Department of Health and Human Services (HHS), which interprets the lump sum rule to apply to all AFDC units. *See* 45 C.F.R. § 233.20(a)(3)(ii)(D). In this case, because HHS participated in the drafting of the statute in question, the proper rule is as follows:

An agency's construction of a statute under its enforcement jurisdiction will normally be deferred to if the construction has a reasonable basis in law and is consistent with the congressional policy behind the statute. *Volkswagenwerk Aktiengesellschaft v. Federal Maritime Commission,* 390 U.S. 261, 272, 88 S.Ct. 929, 935, 19 L.Ed.2d 1090 (1968); *Medical Center of Independence v. Harris,* 628 F.2d 1113, 1118 (8th Cir.1980).... An agency's interpretation of a relevant statute is entitled to even greater deference when the agency has participated in drafting it. *Zuber v. Allen,* 396 U.S. 168, 192, 90 S.Ct. 314, 327, 24 L.Ed.2d 345 (1969).... [When the agency has] played a role in developing the statute as it reads, ... absent a showing that it differed with Congress or that its interpretation does not further the goals of the legislation, a court will resolve ambiguity in favor of the ... [agency's] construction. Id. at 192, 90 S.Ct. at 327.

*International Nutrition, Inc., v. United States Department of Health and Human Services,* 676 F.2d 338, 342 (8th Cir.1982).

In this case, there has been no showing that the HHS and Congress had any disagreement during the legislative process as to the persons to whom the new lump sum rule should apply. Therefore, this Court must resolve the statutory ambiguity in accordance with the agency's regulation *unless* the interpretation embodied in that regulation is inconsistent with the goals of the OBRA lump sum amendment.

▪ The purpose of the lump sum amendment is clearly stated in the Senate Budget Committee Report on OBRA:

*Present law.* Any payments that meet the definition of income—for example, retroactive social security benefits—are counted as income in the month of receipt and any of the payment that is not spent in that month is usually considered as a resource in the months thereafter.

*Committee amendment.* The committee believes that lump-sum payments should be considered available to meet the ongoing needs of an AFDC family. *The present treatment of such payments has the perverse effect of encouraging the family to spend such income as quickly as possible in order to retain AFDC eligibility.* The committee amendment would require that such income received in a month be considered available as income in the month it is received and also in future months.

Senate Report (Budget Committee) No. 97–139, 97th Cong., 1st Sess., June 17, 1981, *reprinted in* U.S.Code, Cong. & Adm. News, Vol. 7A, Sept. 1981, p. 771 (emphasis added). The HHS regulation, which eliminates the noted "perverse effect" for *all* AFDC recipients, can hardly be said to be inconsistent with the stated goal of the lump sum amendment. Neither the Budget Committee Report nor any other piece of pertinent legislative history of which this Court is aware makes any reference to limiting the rule to those with earned income. Nor is the application of the lump sum rule to all AFDC families, as opposed to only those with earned income, inconsistent with Congress's intention that the OBRA changes provide a "fair allocation of scarce resources among the most needy". *Sweeney, supra,* 560 F.Supp. at 1125 (quoting 47 F.R. No. 25, February 5, 1982, at 5648). Congress and HHS could reasonably conclude that *any* AFDC family which received a large lump sum was less needy than an AFDC family which did not receive such a lump sum, and that scarce AFDC resources should be reserved for the latter. Finally, the application of the lump sum rule to all AFDC families (rather than just a subset) is not inconsistent with the overall AFDC goal of encouraging "the maximum self-support and personal independence consistent with the maintenance of continuing parental care and protection [of dependent children]", stated in 42 U.S.C. § 601. In fact, there would be little reason to require families with varying amounts of earned income to budget their lump sums wisely, while continuing to encourage those without earned income to quickly spend such sums. Such an interpretation would penalize those AFDC recipients who have been working to achieve "self-support and personal independence" and may even encourage such employed AFDC recipients to quit their jobs in anticipation of a forthcoming lump sum payment, so as to avoid application of the lump sum rule. The Court cannot believe Congress would have intended such a result.

■ Based on the foregoing discussion, the Court holds that 42 U.S.C. § 602(a)(17) should be interpreted to apply to all AFDC recipients and not just those with earned income. Therefore, defendants are entitled to summary judgment on plaintiff's statutory claim (Count III of the amended complaint), and plaintiffs' motion for summary judgment on Counts I and III of the amended complaint must be denied.

Although plaintiffs moved for summary judgment only on their statutory claims (Counts I and III), the federal defendant also moved for summary judgment on the due process claim asserted against her (Count IV). The Court is hesitant to proceed to decide the due process question at this time, however, because there is another possible statutory interpretation of § 602(a)(17) which could eliminate any due process challenge to the lump sum rule. In Counts II and VI of the original complaint in *Faught,* the issue raised was whether the lump sum computation set forth in 42 U.S.C. § 602(a)(17) should be interpreted as creating merely a guideline or *rebuttable* presumption of availability, in light of the actual availability requirement of 42 U.S.C. § 602(a)(7), as interpreted in 45 C.F.R. § 233.20(a)(3)(ii)(D). *See Vermeulen v. Kheder,* No. K 82–135 CA 4 (W.D.Mich., June 3, 1982) (transcript of court's oral opinion and ruling on preliminary injunction, at p. 11–19); *see also* plaintiff Faught's brief in support of motion for preliminary injunction, filed March 16, 1983, at p. 5–11. The counts asserting the foregoing statutory claim, however, were dropped from plaintiffs' amended and substituted complaint. The Court believes

that claim was dropped in the hope of obtaining an early favorable ruling on the earned income claim, and not because plaintiffs had determined that the other statutory claim was without merit.

In light of the importance of avoiding possibly unnecessary decision of constitutional questions, the Court believes it should reserve ruling on the due process question and grant plaintiffs leave to amend their complaint to reassert the statutory claim discussed above, if they so desire.

IT IS THEREFORE ORDERED that the federal defendant's August 12, 1983, motion for leave to file a reply brief be and it hereby is granted for the record. The brief in question has already been filed and need not be refiled.

IT IS FURTHER ORDERED that the federal defendant's August 18, 1983, request for oral argument be and it hereby is denied.

IT IS FURTHER ORDERED that the Court will take no action on the state defendants' motion for partial summary judgment on Count I of the original complaint or on the federal defendant's motion for summary judgment with respect to plaintiffs' Equal Protection Clause count, because both of those counts have been dropped from plaintiffs' amended and substituted complaint.

IT IS FURTHER ORDERED that the above-captioned consolidated actions are maintainable as a class action pursuant to Fed.R.Civ.P. 23(a) and 23(b)(2). A plaintiff class is hereby certified consisting of all persons in the State of Iowa whose AFDC grants were or will be canceled as a result of the proration of lump-sum payments received by a member of the AFDC grant group at a time when the grant group was receiving only unearned income.

IT IS FURTHER ORDERED that the federal defendant's cross-motion for summary judgment on Count III of the amended complaint be and it hereby is granted and plaintiffs' motion for summary judg-

ment on Counts I and III of the amended complaint be and it hereby is denied.

IT IS FURTHER ORDERED that plaintiffs are granted leave to amend their complaint, within ten (10) days from the date this Order is filed, to reassert the claims set forth in Counts II and VI of their original complaint, if they so desire. If plaintiffs do not wish to so amend, they should inform the Court within the same time period.

IT IS FURTHER ORDERED that the Court will reserve ruling on the federal defendant's motion for summary judgment on plaintiffs' due process claim until: (1) plaintiffs amend their complaint and a motion for summary judgment is presented to the Court on the reasserted statutory claim, or (2) plaintiffs inform the Court that they do not wish to amend.