736 F.2d 1235
 Linda FAUGHT, on behalf of herself and all other persons
similarly situated, Appellant,
v.
Margaret HECKLER, Secretary of Health & Human Services, Appellee,
Michael V. Reagen, Commissioner IA Dept. of Social Services,
Roger Herr, Chief, Bureau of Financial Assistance,
IA Dept. of Social Services.
Peggy McCLURG, Appellant,
v.
Michael V. REAGEN, Roger Herr, Iowa Department of Social
Services Officers,
Margaret Heckler, Appellee.
 No. 83-2609.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 16, 1984.
Decided June 15, 1984.
 
 Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Richard C. Turner, U.S. Atty., Des Moines, Iowa, Robert S. Greenspan, Marleigh D. Dover, Dept. of Justice, Civil Div., Washington, D.C., for appellee.
 Carroll L. Lucht, Jacqueline Miller, Student Legal Intern, Civil Litigation Clinic, College of Law, University of Iowa, Iowa City, Iowa, for appellants.
 Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.
 LAY, Chief Judge.
 
 
 1
 Plaintiffs are recipients of federal aid under the Aid to Families with Dependent Children (AFDC) program in Iowa who have had, or will have, their AFDC benefits temporarily terminated due to receipt of a lump-sum payment during a month in which they had no earned income. 42 U.S.C. Sec. 602(a)(17). The sole issue presented is whether the lump-sum rule applies to all AFDC recipients or, as the plaintiffs assert, only to those with earned income. The district court, the Honorable W.C. Stuart presiding, held that the rule applies to all AFDC recipients and granted summary judgment for the defendant, Secretary Heckler. 577 F.Supp. 1180 (S.D.Iowa 1983). Contending that the district court erred as a matter of law, plaintiffs appeal. We affirm.
 
 
 2
 The lump-sum rule determines the effect that receipt of a nonrecurring lump-sum, such as an inheritance, has on an AFDC recipient's benefits. In the Omnibus Budget Reconciliation Act (1981) (OBRA), Congress amended the lump-sum rule. In essence, the lump-sum becomes the family's AFDC payments for a prescribed period. The period of ineligibility is obtained by dividing the total of the family's lump-sum and other income, by the family's monthly standard of need.[1] Congress's stated intent in amending the rule was to eliminate what it perceived to be the prior rule's "perverse effect" of encouraging recipients to spend lump-sum payments quickly in order to retain eligibility. See Report of the Committee on the Budget, S.Rep. No. 97-139, 97th Cong. 1st Sess. 505, reprinted in 1981 U.S.Code Cong. & Admin.News 396, 771.
 
 
 3
 The plaintiffs contend that the statutory language of the lump-sum rule establishes that it applies only to families with earned income. The plaintiffs focus primarily on the rule's reference to section 602(a)(8)(A) to define its scope and to explain how the period of ineligibility is determined.[2] The plaintiffs maintain that section 602(a)(8)(A)(i) and (ii) refers only to persons with earned income, thereby unambiguously limiting the application of the lump-sum rule to persons with earned income. The plaintiffs bolster their contention by arguing that had Congress intended a universal application, section 602(a)(7) would have been the appropriate cross reference. See 42 U.S.C. Sec. 602(a)(7) (general guidelines for determining need of all applicants); see also id. Sec. 602(a)(31) (stepparent deeming provision of OBRA refers to Sec. 602(a)(7) to signal universal application). Plaintiffs forcefully argue that Congress's use of the more specific section necessarily implies a more restrictive reach of the lump-sum rule. The plaintiffs contend that the legislative intent of OBRA was to curtail federal spending, while preserving the "social safety net" for those truly needy. This was to be achieved by reducing welfare benefits for persons completely without alternative sources of income. See Philadelphia Citizens in Action v. Schweiker, 669 F.2d 877, 879 (3d Cir.1982). Thus, applying the lump-sum rule only to families with earned income is consistent with, and furthers, the purpose of OBRA.
 
 
 4
 Against the backdrop of several district court decisions addressing the coverage of the lump-sum rule,[3] the court below carefully analyzed the statutory language and relevant legislative history. The district court concluded that the statute was ambiguous. The statutory referent to (8)(A)(i) and (ii) to determine coverage was ambiguous because those portions of the paragraph do not specify persons as much as they elaborate treatment to be accorded certain income of all AFDC recipients. However, because Congress explicitly "specif[ied]" persons to whom the rule would apply, it could follow that Congress intended to restrict the coverage of the lump-sum rule; because Congress chose the section that determines the treatment of earned income as the referent, then the relevant subset to which it applies may be those AFDC recipients with earned income.
 
 
 5
 Turning to legislative history to resolve the ambiguity, the district court concluded that Congress did not intend a limited application of the lump-sum rule. First, the statutory reference to other income is to guide the application of the rule where there is other income, not to limit its application to instances where there is other income. Second, the court found that it was appropriate to give deference to the Secretary's interpretation that the lump-sum rule has a universal application. 45 C.F.R. Sec. 233.20(a)(3)(ii)(D) (1982). Finally, the court found that applying the rule to all AFDC families was not inconsistent with the purpose of the particular amendment, OBRA, or AFDC. A universal application of the rule more thoroughly eliminates the "perverse effect" of the prior rule. Because the lump-sum rule forces families to use lump-sum payments to meet their subsistence needs, rather than to rely on aid, a universal application also furthers Congress's intent to curtail federal spending and achieve a fair allocation of scarce resources among the needy. Moreover, it is also consistent with the stated goal of AFDC to encourage self-support. See 42 U.S.C. Sec. 601.
 
 
 6
 The district court's conclusions were followed by the First Circuit in Sweeney v. Murray, 732 F.2d 1022 (1st Cir.1984). Both the district court and the First Circuit in Sweeney have exhaustively and thoroughly considered the arguments raised on appeal. After careful study and deliberation, we find ourselves in agreement with the holdings of the First Circuit and the district court below. On the basis of the conclusions reached therein, we affirm.
 
 
 
 [1]
 Under Sec. 602(a)(17) a state plan must:
 provide that if a person specified in paragraph (8)(A)(i) or (ii) receives in any month an amount of income which, together with all other income for that month not excluded under paragraph (8), exceeds the State's standard of need applicable to the family of which he is a member--
 (A) such amount of income shall be considered income to such individual in the month received, and the family of which such person is a member shall be ineligible for aid under the plan for the whole number of months that equals (i) the sum of such amount and all other income received in such month, not excluded under paragraph (8), divided by (ii) the standard of need applicable to such family, and
 (B) any income remaining (which amount is less than the applicable monthly standard) shall be treated as income received in the first month following the period of ineligibility specified in subparagraph (A).
 42 U.S.C. Sec. 602(a)(17) (emphasis added). Prior to OBRA, a lump-sum payment was regarded as income only in the month received; thereafter, to the extent that any was left, it was a "resource," against which benefits were offset.
 
 
 [2]
 Section 602(a)(8)(A) requires that state plans must:
 provide that, with respect to any month, in making the determination under paragraph (7), the State agency--
 (i) shall disregard all of the earned income of each dependent child receiving aid to families with dependent children who is (as determined by the State in accordance with standards prescribed by the Secretary) a full-time student or a part-time student who is not a full-time employee attending a school, college, or university, or a course of vocational or technical training designed to fit him for gainful employment;
 (ii) shall disregard from the earned income of any child or relative applying for or receiving aid to families with dependent children, or of any other individual (living in the same home as such relative and child) whose needs are taken into account in making such determination, the first $75 of the total of such earned income for such month (or such lesser amount as the Secretary may prescribe in the case of an individual not engaged in full-time employment or not employed throughout the month).
 42 U.S.C. Sec. 602(a)(8)(A).
 
 
 [3]
 See, e.g., Walker v. Adams, 578 F.Supp. 50 (W.D.Ky.1983) (denying motion for preliminary injunction), injunction pending appeal granted, No. 83-5527 (6th Cir. Sept. 2, 1983) (argued March 26, 1984); Betson v. Cohen, 578 F.Supp. 154 (E.D.La.1983) (judgment for defendants); Clark v. Harder, 577 F.Supp. 1085 (D.Kan.1983) (rejected plaintiffs statutory argument and denied motion for preliminary injunction); Harris v. Heckler, 576 F.Supp. 915 (D.N.J.1983) (summary judgment for plaintiffs)