**Willetta ATKINS, Plaintiff,**

v.

**Barrett TOAN, Director of Mo. Dept. of Social Services, Joseph J. O'Hara, Director, Mo. Dept. of Family Services, Margaret M. Heckler, Secretary of Health and Human Services, Defendants.**

No. 83–4184–CV–C–5.

United States District Court,
W.D. Missouri, C.D.

July 5, 1984.

Richard Chase, St. Louis, Mo., for plaintiff.

Paul T. Keller, Jefferson City, Mo., for defendants Toan and O'Hara.

E. Eugene Harrison, Asst. U.S. Atty., Kansas City, Mo., for defendant Heckler.

ORDER

SCOTT O. WRIGHT, District Judge.

A. *Introduction*

Plaintiff brings this action under 42 U.S.C. § 1983, individually and on behalf of all other persons similarly situated, seeking declaratory and injunctive relief. Plaintiff and the class she seeks to represent are non-income-earning recipients of Aid to Families with Dependent Children (AFDC) benefits who have or will receive lump-sum income in the future. The defendant averages any lump-sum income received of an AFDC recipient over a number of months equal to the amount of the lump-sum divided by the AFDC monthly payment amount and does not grant benefits during those months. The plaintiff asserts that the defendant's policy is in violation of the Social Security Act, 42 U.S.C. § 602(a)(17). The plaintiff asserts that the defendant's "lump-sum" rule should be employed only in those cases where the AFDC recipient is also receiving earned income. Thus, the issue before the Court is whether the treatment of non-recurring lump-sum income in the AFDC program applies to all AFDC

families or only those AFDC families with earned income in the month of receipt of a lump-sum payment. Pending before the Court are cross-motions for summary judgment and plaintiff's motion for class certification.

Plaintiff, a recipient of AFDC benefits, received a lump-sum worker's compensation award. Plaintiff was unable to work and had no earned income. The Missouri Division of Family Services notified plaintiff that she would be ineligible to receive AFDC benefits for a number of months based upon their lump-sum rule. Plaintiff subsequently brought this action seeking declaratory and injunctive relief. During the discovery, plaintiff's motion for a temporary injunction became moot. Plaintiff is now receiving AFDC benefits.

### B. Class Action

■ Plaintiff brought this action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2), on behalf of herself and all other AFDC recipients who received or will receive lump-sum payments and who do not have earned income. The defendant opposes class action certification because plaintiff's individual claim became moot during the pendency of this action. Rule 23(a) and (b)(2) provide as follows:

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

. . . .

(2) The party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole . . .

The Court finds that all of the requirements for a class action are satisfied under the facts presented in this case.

The numerosity requirement is clearly met because joinder of members of the class is impracticable. In their answer to the first interrogatory of plaintiff's Second Set of Interrogatories, the state defendants responded that between August, 1982 and July, 1983, there were 416 AFDC cases closed due to the application of the lump-sum rule and only 74 of these families had earned income. Thus, there were 342 class members during that twelve-month time period. This is clearly a sufficient number to make joinder impracticable. *Arkansas Education Association v. Board of Education of the Portland Arkansas School District*, 446 F.2d 763 (8th Cir.1971). Furthermore, plaintiff seeks to represent not only those persons included in the plaintiff class who have been denied benefits, but also those persons who will be denied benefits in the future. Joinder of unknown persons is impracticable. *Sperry Rand Corp. v. Larson*, 554 F.2d 868, 871 at n. 2 (8th Cir.1977); *Jones v. Diamond*, 519 F.2d 1090, 1100 (5th Cir.1975); *Jack v. American Linen Supply Co.*, 498 F.2d 122, 124 (5th Cir.1974). Joinder is also impractical because class membership is fluid. *Santiago v. City of Philadelphia*, 72 F.R.D. 619, 624 (E.D.Pa.1976).

The requirement of the existence of a common question of law or fact is also met. Plaintiff has raised a question of law which is common to all members of the class, namely, whether the defendants' lump-sum rule can apply to AFDC recipients who do not have earned income. A common question is presented by the requested interpretation of the validity of a federal statute. *Like v. Carter*, 448 F.2d 798 (8th Cir.1971).

The typicality requirement is also met. Typicality requires "a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir.1977). In this case, the named plaintiff suffered the same

deprivation as the unnamed members of the class. There is no actual or potential conflict between the interest of the plaintiff and the interest of the class. The complaint sees identical relief for all members of the class. The issues are pure issues of law.

■ The named plaintiff will fairly and adequately represent the interests of the class. The named plaintiff was unable to obtain class certification before her individual claim became moot because her period of disqualification ended before discovery could be completed. However, the mootness of plaintiff's individual claim due to the passing of time does not affect her adequacy as a class representative, since the underlying controversy remains "capable of repetition, yet evading review." *Gerstein v. Pugh*, 420 U.S. 103, 110 at n. 11, 95 S.Ct. 854, 861 at n. 11, 43 L.Ed.2d 54 (1975). In the present case, in light of the fairly short length of disqualification based upon receipt of lump-sum payments, the substantive issue raised may never receive judicial scrutiny unless certification is permitted after the named plaintiff is once again receiving AFDC benefits. Thus, the certification will be construed as relating back to the filing of the complaint. *Sosna v. Iowa*, 419 U.S. 393, 402 at n. 11, 95 S.Ct. 553, 559 at n. 11, 42 L.Ed.2d 532 (1975).

The plaintiff is represented by experienced counsel who can be expected to ably represent the interest of the class. Plaintiff's attorney has expertise in handling this type of litigation. *Ranschburg v. Toan*, 540 F.Supp. 745 (W.D.Mo.1982), *aff'd*, 709 F.2d 1207 (8th Cir.1983); *Williams v. Schweiker*, 541 F.Supp. 1360 (E.D. Mo.1982); *Chambly v. Freeman*, 478 F.Supp. 1221 (W.D.Mo.1979), *aff'd*, 624 F.2d 1108 (8th Cir.1980), *cert. denied*, 450 U.S. 936, 101 S.Ct. 1401, 67 L.Ed.2d 371 (1981); *Cunningham v. Toan*, No. 81–4233–5 (W.D.Mo.1983). The interests advanced by the named plaintiff will not conflict in any way with those of the other members of the class.

Finally, the requirements of Rule 23(b)(2) are met. The defendants have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive ... or ... declaratory relief ..." Plaintiff claims that she and the class she seeks to represent have been or will be subjected to denial of AFDC benefits. Defendants have uniformly applied the lump-sum rule to deny AFDC benefits to families with no earned income during the month of receipt of the lump-sum income. Plaintiff seeks appropriate injunctive and declaratory relief in order to prevent this policy from being applied in the future.

For the foregoing reasons, the plaintiff's motion for an order certifying the named class is granted.

C. *Opinion*

■ This case presents a simple question of statutory interpretation. Plaintiff challenges the application of the new "lump-sum rule" enacted by the Omnibus Budget Reconciliation Act of 1981 (OBRA), Pub.L. No. 97–35, to individuals applying for or receiving assistance under the program of Aid to Families with Dependent Children who have no earned income. The new lump-sum rule, an amendment to the Social Security Act now codified at 42 U.S.C. § 602(a)(17), provides that when an AFDC family receives payment of non-recurring lump sum income which exceeds the family's monthly need standard (established by the state), the family is considered ineligible for AFDC for a prescribed period of time. The period of ineligibility is obtained by dividing the lump-sum (added to the family's other income, if any) by the family's monthly need standard. Thus, the new rule treats nonrecurring lump-sum income as the equivalent of future AFDC aid, which should be prorated to meet the family's needs over a period of months.

Plaintiff contends that the statute, 42 U.S.C. § 602(a)(17) should apply only to AFDC recipients who have earned income during the month they receive the lump-sum in question. To the contrary, however, the United States Court of Appeals for the Eighth Circuit has expressly held that the statute applies to *all* AFDC recipients, not merely those with earned income. *Faught v. Heckler*, 736 F.2d 1235 (8th Cir.

1984). At the outset, the Eighth Circuit noted that the statutory language was ambiguous. Nevertheless, the court found that the legislative history clearly indicated that Congress intended the lump-sum rule to reach all families. *Id.* at 1237; *accord: Sweeney v. Murray,* 732 F.2d 1022 (1st Cir., 1984).

Nothing can be added to the First and Eighth Circuits' detailed analysis of the statute. Congress passed the statute to promote responsible budgeting of lump-sum income by all AFDC families and to reduce disbursements by a specified amount based on the amount of the lump-sum payment. Congress never intended the lump-sum rule to be limited to families who received earned income.

For the foregoing reasons, it is hereby

ORDERED that plaintiff's motion for class certification is granted. It is further

ORDERED that defendant's motion for summary judgment is sustained.