741 F.2d 116
 Debra WALKER, on behalf of herself and others similarly
situated, Plaintiffs- Appellants,
v.
Buddy H. ADAMS, Secretary, Kentucky Cabinet for Human
Resources; John Cubine, Commissioner, Department for Social
Insurance; Margaret M. Heckler, Secretary, Department of
Health and Human Services; Individually and in their
official capacities, Defendants-Appellees.
 No. 83-5527.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 26, 1984.
Decided Aug. 20, 1984.
Rehearing Denied Oct. 4, 1984.
 
 Richard W. McHugh (Lead) (argued), Shaun W. Esposito, Legal Aid Society, Inc., Louisville, Ky., for plaintiffs-appellants.
 Ed Swindell, Asst. Regional Atty., Dept. of Health & Human Services, Atlanta, Ga., for Heckler.
 John Watson, Dept. of Health and Human Services, General Counsel OASI Division, Baltimore, Md., Stanley A. Stratford, Paul F. Fauri, Cabinet for Human Resources, Frankfort, Ky., for Adams and Cubine.
 Robert Greenspan, Appellate Staff, Civil Division, Washington, D.C., Secretary of Health, Deborah Ruth Kant (argued), Ronald E. Meredith, U.S. Atty., Philip J. Dunnagan, Asst. U.S. Atty., Louisville, Ky., for defendants-appellees.
 Edward J. Hoort, Detroit, Mich., for amicus curiae, Cindy Vermeulen.
 Before EDWARDS and WELLFORD, Circuit Judges, and CHURCHILL, District Judge.*
 GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.
 
 
 1
 This is an appeal from an order entered by Judge Ballantine in the Western District of Kentucky, 578 F.Supp. 50, denying plaintiff-appellant Walker's motion for a preliminary injunction in her action challenging a regulation under which she was disqualified for benefits from the Aid to Families with Dependent Children (AFDC) program under the so-called "lump sum" rule.
 
 
 2
 Defendants are officials of the Kentucky Cabinet for Human Resources, which administers the AFDC program, and the Secretary of Health and Human Services, who administers the federal government's participation in AFDC and promulgates AFDC regulations.
 
 
 3
 The problem dealt with in this case is how the government should treat a "lump sum" payment, such as an inheritance, insurance settlement, or disability benefits. In 1981 Congress passed the Omnibus Budget Reconciliation Act and the Secretary subsequently developed regulations thereto.
 
 
 4
 The statute establishing the "lump sum rule" in dispute on this appeal provides:
 
 
 5
 (a) Contents
 
 
 6
 A State plan for aid and services to needy families with children must
 
 
 7
 (17) provide that if a person specified in paragraph (8)(A)(i) or (ii) receives in any month an amount of income which, together with all other income for that month not excluded under paragraph (8), exceeds the State's standard of need applicable to the family of which he is a member--
 
 
 8
 (A) such amount of income shall be considered income to such individual in the month received, and the family of which such person is a member shall be ineligible for aid under the plan for the whole number of months that equals (i) the sum of such amount and all other income received in such month, not excluded under paragraph (8) divided by (ii) the standard of need applicable to such family, and
 
 
 9
 (B) any income remaining (which amount is less than the applicable monthly standard) shall be treated as income received in the first month following the period of ineligibility specified in subparagraph (A).
 
 
 10
 42 U.S.C. Sec. 602(a)(17) (1982).
 
 
 11
 Section 602(a)(8)(A)(i) and (ii), the "disregard" provision, states:
 
 
 12
 [A state plan for aid and services ... must]
 
 
 13
 (8)(A) Provide that, with respect to any month, in making the determination under paragraph (7), the State agency--
 
 
 14
 (i) shall disregard all of the earned income of each dependent child receiving aid to families with dependent children who is (as determined by the State in accordance with standards prescribed by the Secretary) a full-time student or a part-time student who is not a full-time employee attending a school, college, or university, or a course of vocational or technical training designed to fit him for gainful employment;
 
 
 15
 (ii) shall disregard from the earned income of any child or relative applying for or receiving aid to families with dependent children, or of any other individual (living in the same home as such relative and child) whose needs are taken into account in making such determination, the first $75 of the total of such earned income for such month (or such lesser amount as the Secretary may prescribe in the case of an individual not engaged in full-time employment or not employed throughout the month).
 
 
 16
 The regulation promulgated by HHS in response to Sec. 602(a)(17) provides:
 
 
 17
 (a) Requirements for State Plans. A State Plan for OAA, AFDC, AB, APTD or AABD must, as specified below:
 
 
 18
 (3) Income and resources.
 
 
 19
 (ii) Provide that in determining need and the amount of the assistance payment, after all policies governing the reserves and allowances and disregard or setting aside of income and resources referred to in this section have been uniformly applied:
 
 
 20
 (D) Net income available for current use and currently available resources shall be considered; income and resources are considered available both when actually available and when the applicant or recipient has a legal interest in a liquidated sum and has the legal ability to make such sum available for support and maintenance. For AFDC when the assistance unit's income after application of applicable disregards exceeds the State need standard for the family (unless such excess was caused by a regular and periodic extra paycheck from a recurring income source, in which case see Sec. 233.24(d)), the family will be ineligible for aid for the number of full months derived by dividing this total income by the need standard applicable to the family starting with the month in which the income is received. Any income remaining after this calculation is treated as income received in the first month following the period of ineligibility.
 
 
 21
 45 C.F.R. Sec. 233.20(a)(3)(ii)(D) (1982).
 
 
 22
 In this case plaintiff Walker received an insurance settlement from an automobile accident which paid her slightly over $5,000. She notified her case worker about the payment that same day, but received no warning about disqualification for AFDC benefits and was not advised to retain the payment for living expenses. She spent substantially all of the funds shortly after their receipt on a used car, car insurance, clothes, furniture, appliances, and groceries. It should be noted that she and her two children had lost all their clothing and some other possessions in a fire a few months earlier. On May 17, she received notice that she was disqualified from AFDC as of June, 1983 for 31 months. She lost her Medicaid eligibility as well.
 
 
 23
 She seeks a preliminary injunction and a permanent injunction after trial. The District Judge denied the preliminary injunction, holding that she had no likelihood of success on the merits. He also subsequently denied a motion for injunction pending appeal, but on September 2, 1983, a motion panel of this court granted Walker's motion for injunction pending appeal, finding that she had made a sufficient showing of irreparable harm and a likelihood of success on the merits, and noted that the appeal should be expedited.
 
 
 24
 At issue in the case is whether the lump sum rule in 42 U.S.C. Sec. 602(a)(17) (1982) is limited as appellants claim to AFDC recipients who receive earned income, or whether it also applies to AFDC recipients such as Ms. Walker, who have no earned income.
 
 
 25
 Appellant Walker contends that the District Judge erred in denying a preliminary injunction against enforcement of the regulation of the Secretary of Health and Human Services quoted above. As indicated, the regulation, 45 C.F.R. Sec. 233.20(a)(3)(ii)(D), has the effect of disqualifying recipients of aid to dependent children when they receive "lump sum" payments such as an inheritance, disability benefits, and insurance settlement, or a court judgment. Under this regulation, the lump sum is treated as income for a set period of time, thus disqualifying the family for the number of months equal to the lump sum received divided by the state's need standard. Thus, all such sums are to be treated as windfalls which redound to the benefit of the Department of Health and Human Services rather than to the benefit of the family or the dependent children.
 
 
 26
 However harsh the Secretary's regulation may seem from the point of view of the AFDC family, our comparison of it to the language of the statute quoted above convinces this court that affirmance of the District Judge's decision is required. In particular, we are compelled to reject appellant's claim that the statute should be read as applying only to those AFDC beneficiaries with "earned income." Such an interpretation would limit its applicability to only 7% of the AFDC beneficiaries. Surely if this was Congress' intent, it would have said so plainly at some point.
 
 
 27
 We believe that the Secretary's regulation is no more than an accurate application of the plain meaning of the statute at issue in this case. The statute and regulation may indeed produce harsh results to many AFDC recipients (particularly, as in this case, where the lump sum payment would serve to compensate a prior loss).
 
 
 28
 Under our form of government, however, Article I of the United States Constitution vests legislative power in the Congress, subject only to the veto power of the President:
 
 
 29
 Article I, Section 1.
 
 
 30
 All legislative Powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and House of Representatives.
 
 
 31
 * * *
 
 
 32
 * * *
 
 
 33
 Article I, Section 7.
 
 
 34
 [2.] Every bill which shall have passed the House of Representatives and the Senate, shall, before it become a Law, be presented to the President of the United States; If he approve he shall sign it, but if not he shall return it, with his Objections to that House in which it shall have originated, who shall enter the Objections at large on their Journal, and proceed to reconsider it. If after such Reconsideration two thirds of that House shall agree to pass the Bill, it shall be sent, together with the Objections, to the other House, by which it shall likewise be reconsidered, and if approved by two thirds of that House, it shall become a Law. But in all such Cases, the Votes of both Houses shall be determined by Yeas and Nays, and the Names of the Persons voting for and against the Bill shall be entered on the Journal of each House respectively. If any Bill shall not be returned by the President within ten Days (Sundays excepted) after it shall have been presented to him, the Same shall be a Law, in like Manner as if he had signed it, unless the Congress by their Adjournment prevent its Return, in which Case it shall not be a Law.
 
 
 35
 The federal courts do not possess any constitutional power to gainsay a clear legislative expression of the will of Congress and the Chief Executive, absent violation of the Constitution itself.
 
 
 36
 We have, nonetheless, carefully reviewed the claims of appellant and the class she represents that are based upon various portions of the legislative history of the subject statute. We find them unpersuasive. When, as here, the statutory purpose and language is clear and unambiguous, there is no need to resort to legislative history. Dow Chemical Co. v. EPA, 635 F.2d 559, 561 (6th Cir.1980). Yet our review of the legislative history of this statute convinces us even more that Congress did not intend to limit its applicability to 7% of AFDC recipients.
 
 
 37
 The Secretary points out that appellant Walker failed to take advantage of an administrative remedy provided by regulation for "life-threatening" circumstances. We could dismiss this case for failure to exhaust administrative remedies. In view of the class nature of these claims and the stipulation by the parties at oral argument that both desired this court's interpretation of this statute, however, we have elected to deal with the merits of the case.
 
 
 38
 Finally, we note with agreement the following paragraphs from a careful opinion of Circuit Judge Frank Coffin, who has authored a thorough review of the history of this legislation for the First Circuit and has come to the same result which this court reaches in this opinion:
 
 
 39
 Committee reports reveal that Congress had two major motives in amending subsection (a)(17): to promote responsible budgeting of lump-sum income by all AFDC families and to reduce AFDC disbursements by a specified amount based on calculations that had assumed application of the lump-sum rule to all AFDC families, not only to those AFDC families with earned income.
 
 
 40
 * * *
 
 
 41
 * * *
 
 
 42
 Given the explicitly stated desire to promote budgeting of lump-sum income by AFDC recipients, we are reluctant to adopt plaintiffs' interpretation absent any explicit indication in the statute or its legislative history that Congress intended to draw a distinction in this context between AFDC families with and without earned income. Neither the Senate Budget Committee Report nor the House Conference Report contains any reference that would limit application of the lump-sum rule on the basis of earned income.
 
 
 43
 Sweeney v. Murray, 732 F.2d 1022, 1027 (1st Cir.1984).
 
 
 44
 Chief Judge Donald P. Lay has written a similar analysis of the same problem for the Eighth Circuit with the same result: Faught v. Heckler, 736 F.2d 1235 (8th Cir.1984).
 
 
 45
 Finally we believe that the individual appellant in this case should be afforded the administrative hearing which she by-passed in the interest of prosecuting this case. Subject to that condition, the judgment of the District Court is affirmed and the temporary injunction issued by a panel of this court is vacated.
 
 
 
 *
 Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation