Isidra CALLEJAS, et al.,
Plaintiffs-Appellants,

v.

Linda McMAHON, et al.,
Defendants-Appellees,

and

Margaret Heckler, Secretary of the United States Department of Health and Human Services, Third Party Defendant-Appellee.

No. 83–2397.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 1984.

Decided Dec. 5, 1984.

As Amended Jan. 2, 1985.

Colleen Fahey Fearn, Legal Aid Soc. of San Diego, San Diego, Cal., Marilyn Kaplan, Los Angeles, Cal., for plaintiffs-appellants.

Robert S. Greenspan, Jenny A. Sternbach, Washington, D.C., for defendants-appellees.

Before WALLACE, SKOPIL, and NORRIS, Circuit Judges.

SKOPIL, Circuit Judge:

The issue on appeal is whether 42 U.S.C. § 602(a)(17) (1983), requiring that nonrecurring lump sum payments be considered income available to meet a family's support needs, applies to all eligible recipients or only to those with earned income in the month the lump sum payment is received. We conclude that the lump sum rule applies to all eligible recipients.

## DISCUSSION

Plaintiffs, recipients of assistance under the Aid to Families with Dependent Children program (AFDC), challenge regulations implementing the lump sum rule enacted by the Omnibus Budget Reconciliation Act of 1981 (OBRA), Pub.L. No. 97–35, 95 Stat. 843 (1981) (codified as amended at 42 U.S.C. § 602(a)(17)). Plaintiffs contend that 42 U.S.C. § 602(a)(17) applies only to recipients with an earned income in the month they receive the lump sum payment and that federal and state administrative regulations interpreting section 602(a)(17) as applicable to all recipients are invalid. Plaintiffs appeal from the district court's order granting summary judgment in favor of all defendants.

This case involves the interpretation of a statute. Our review is *de novo*. *Southeast Alaska Conservation Council, Inc. v. Watson*, 697 F.2d 1305, 1309 (9th Cir.1983).

The lump sum rule determines the effect that receipt of a nonrecurring lump sum, such as an inheritance, has on an AFDC recipient's benefits. When this suit was commenced, the lump sum rule, enacted as part of the Omnibus Budget Reconciliation Act, provided that when "a person specified in paragraph 8(A)(i) or (ii)" receives a lump sum of income, that person is ineligible for AFDC benefits for a prescribed statutory period. 42 U.S.C. § 602(a)(17). Throughout this litigation plaintiffs have contended that this language limits the application of the lump sum rule to persons with earned income.

Since argument, four other circuit courts have rendered decisions interpreting the lump sum provision. In *Sweeney v. Murray*, 732 F.2d 1022 (1st Cir.1984), the First Circuit concluded that the lump sum provision applied to all AFDC families regardless of whether the family had an earned income. Similarly, the Third, Sixth and Eighth Circuits have held that the lump sum provision applies to all AFDC families. *Barnes v. Cohen*, 749 F.2d 1009 (3d Cir. 1984). *Walker v. Adams*, 741 F.2d 116 (6th Cir.1984); *Faught v. Heckler*, 736 F.2d 1235 (8th Cir.1984).

Additionally, Congress recently enacted section 2632(b)(1) of the Deficit Reduction Act of 1984, Pub.L. No. 98–369, 98 Stat. 1141 (1984), which amended the lump sum provision. More specifically, Congress deleted the language making the lump sum rule applicable to "a person specified in paragraph 8(A)(i) or (ii)" and substituted the following:

a child or relative applying for or receiving aid to families with dependent children, or any other person whose needs the State considers when determining the income of a family.

The Deficit Reduction Act of 1984, Pub.L. No. 98–369, § 2632(b)(1), 98 Stat. 1141 (1984). The recent amendment to the lump

sum provision was not made retroactive. The issue of the proper interpretation of the lump sum provision prior to the 1984 amendment is properly before us.

█ We conclude that the lump sum provision as it existed prior to the 1984 amendment applies to all AFDC families. Initially, we are persuaded by the reasoning of the three circuit courts that have decided the issue of the scope of the lump sum provision's coverage. Moreover, we are unpersuaded by appellants' argument that the recently enacted amendment to the lump sum provision constituted a change, rather than a clarification of, that provision. Appellants argue that because the amended lump sum provision is applicable to all AFDC families and because an amendment is presumed to effect a change in the law, the lump sum provision in existence prior to 1984 should be interpreted as not applying to all AFDC families. We disagree.

█ The mere fact of an amendment itself does not indicate that the legislature intended to change a law. It is the duty of a court in construing a statute to consider time and circumstances surrounding the enactment as well as the object to be accomplished by it. *United States v. Curtis-Nevada Mines, Inc.*, 611 F.2d 1277 (9th Cir.1980). This general rule of statutory construction is also applicable to the interpretation of amendatory acts. The original act and the circumstances surrounding its enactment should be considered. Judicial and executive interpretations of the original act should also be considered.

█ As one court has noted, a "dispute or ambiguity, such as a split in the circuits, [is] an indication that a subsequent amendment is intended to clarify, rather than change, the existing law." *Brown v. Marquette Sav. and Loan Ass'n*, 686 F.2d 608, 615 (7th Cir.1982). *See also United States v. Tapert*, 625 F.2d 111, 121 (6th Cir.), *cert. denied*, 449 U.S. 1034, 101 S.Ct. 610, 66 L.Ed.2d 496 (1980); *Begay v. Kerr-McGee Corp.*, 499 F.Supp. 1317, 1325 (D.Ariz. 1980).

Here, the lump sum provision was amended not long after a controversy arose as to the proper interpretation of that provision. In the actions challenging the administrative interpretations of the lump sum provisions, a majority of district courts agreed with the Secretary's interpretation of the statute. *See, e.g., Douthit v. Heckler*, 577 F.Supp. 88 (D.Neb.1983); *Clark v. Harder*, 577 F.Supp. 1085 (D.Kan.1983); *Faught v. Heckler*, 577 F.Supp. 1180 (S.D. Iowa 1983), aff'd, 736 F.2d 1235 (8th Cir. 1984); *Bowmaster v. Petit*, 576 F.Supp. 354 (D.Maine 1983). Two district courts, however, construed the lump sum provision as applicable only to families with earned income. *Harris v. Heckler*, 576 F.Supp. 915 (D.N.J.1983); *Sweeney v. Affleck*, 560 F.Supp. 1118 (D.R.I.1983).

In the wake of this dispute among courts, Congress enacted the recent amendment to the lump sum provision. In these circumstances, that amendment is properly viewed as a legislative interpretation or clarification of the original act. *Brown*, 686 F.2d at 615. Accordingly, we conclude that the lump sum rule as it existed prior to the 1984 amendment applies to all eligible recipients.

AFFIRMED.

Each side to bear its own costs.