UNITED STATES of America,
Plaintiff–Appellee,

v.

Michele Dee SHORTHOUSE,
Defendant–Appellant.

No. 92–30334.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 1, 1993.

Decided Oct. 5, 1993.

Tom Hillier, Asst. Federal Public Defender, Seattle, WA, for defendant-appellant.

Kenneth Parker, Asst. U.S. Atty., Seattle, WA, for plaintiff-appellee.

Before WALLACE, WRIGHT, and NOONAN, Circuit Judges.

NOONAN, Circuit Judge:

Michele Dee Shorthouse appeals the sentence imposed after she had pleaded guilty to procuring the use of fire to commit the felony of interstate travel to commit arson and to travelling in interstate commerce with the intent to commit murder. The district court sentenced her to ten years for the latter offense and five years for the former offense, to be served consecutively, and on release from imprisonment to supervised release for six years. We affirm the judgment of the district court.

## FACTS

Shorthouse, who at the time of the crime resided in Portland, Oregon, hired one Tony Johnson to burn down the house in Vancouver, Washington in which her current boyfriend's ex-wife was living. When the burning of the house failed to scare the victim out of the neighborhood Shorthouse agreed to pay Johnson $10,000 to kill the same woman. She was apprehended before any killing took place.

## PROCEEDINGS

Shorthouse pleaded guilty to violating 18 U.S.C. § 844(h) and 18 U.S.C. § 2 in that she aided, abetted, induced and procured the use of fire in order to commit a violation of 18 U.S.C. § 1952, interstate travel to commit arson. She also pleaded guilty to travelling in interstate commerce with the intent to commit murder in violation of 18 U.S.C. § 1958, 18 U.S.C. § 3237.

The government proposed imprisonment and also "three years supervised release on both counts, to run consecutively, bringing the total to six years." The district court imposed the sentence of ten years imprisonment for her travel with intent to commit murder and five years for abetting arson to commit interstate arson. As to supervised release the court said, "I agree with the government's analysis, to six years." The court added:

I also want to make a special recommendation to the Bureau of Prisons that I think it is critically important that this 15–year period give us, and society, the opportunity to have this defendant engage in extensive psychotherapy, because I am convinced that once she understands what has happened to her, in her childhood, that she will be better able to cope with the demands of society and to live in society without engaging in antisocial conduct.

## ANALYSIS

Shorthouse's entire appeal is based on 18 U.S.C. § 3624, which is entitled "Release of a Prisoner." Section (a) of this statute deals with the date of release. Section (b) deals with credit for satisfactory behavior. Section (c) deals with pre-release custody. Section (d) deals with what the Bureau of Prisons should furnish the prisoner on release. Section (e) is called "Supervision After Release" and reads as follows:

A prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release. A term of supervised release does not run during any period in which the

person is imprisoned, in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days. No prisoner shall be released on supervision unless such prisoner agrees to adhere to an installment schedule, not to exceed two years except in special circumstances, to pay for any fine imposed for the offense committed by such prisoner.

■ Out of the entire statute, Shorthouse has focused on a single sentence: "The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State or local term of probation or supervised release or parole for another offense for which the person is subject or becomes subject during the term of supervised release." In interpreting this statute the Eighth Circuit came to the conclusion that it "unambiguously states that terms of supervised release on multiple convictions are to run concurrently. We are of course bound to follow the plain language of the statute." *United States v. Gullickson*, 982 F.2d 1231, 1236 (8th Cir.1993). Shorthouse argues that *Gullickson* governs.

A different view was taken by the Tenth Circuit which, without reference to 18 U.S.C. § 3624(e), held as follows:

[W]e examine the propriety of stacking consecutive terms of supervised release for multiple convictions. Neither the statutes at issue nor the Guidelines specifically address consecutive stacking of supervised release periods. However, Congress clearly intended consecutive penalty schemes for weapons violations under § 924(c), stating that when sentencing on multiple counts the sentence imposed "on a count for which the statute mandates a consecutive sentence shall be determined and imposed *independently.*" U.S.S.G. § 5G1.2(a) (emphasis added). The Sentencing Commission's commentary accompanying § 5G1.2 notes that "[c]ounts for which a statute mandates a consecutive sentence, *such as counts charging the use of a firearm* (18 U.S.C. § 924(c)) are treated separately [and] ... run[ ] consecutively to the sentences imposed on the other

counts." Section § 5G1.2 comment (emphasis added). In regard to consecutive sentences controlled by 5G1.2, the Guidelines make no distinction between imprisonment and supervised release.

*United States v. Maxwell*, 966 F.2d 545, 551 (10th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 826, 121 L.Ed.2d 697 (1992).

We are invited by Shorthouse to follow *Gullickson* and by the government to follow *Maxwell* and to distinguish *Gullickson.* In our view 18 U.S.C. § 3624(e) is not a blanket limitation on the sentencing powers of the district court. It is not an empty directive because there will be occasions on which a federal prisoner will have been sentenced for a local or state crime, for which the prisoner has been placed on parole, or sentenced for a federal crime where it was not mandatory that there be a federal prison sentence not running concurrently with another federal prison sentence. *Gullickson*, in fact, was such a case and is, therefore, distinguishable from the instant case.

The power of a federal court to impose supervised release is provided by 18 U.S.C. § 3583(a), which reads as follows:

(a) **In General.** The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute.

For a Class C or Class D felony a supervised release cannot be more than three years. *Id.* § 3583(b). The two felonies of which Shorthouse was convicted were Class C. 18 U.S.C. § 3559(a)(1)(C). In imposing the sentence and determining its length the court is directed by 18 U.S.C. § 3583 to "consider the factors set forth in § 3553(a)...." The cross-reference to § 3553(a)(1) directs the court, inter alia, to take into account "the nature and circumstances of the offense and the history and characteristics of the defendant." It is evident from the portion of the transcript quot-

ed above that the district court carefully did take into account the nature and circumstances of the offense and the history and characteristics of Shorthouse. In other words, the district court complied with the relevant statutes and followed their command.

In the instant case, the sentence required by Congress under 18 U.S.C. § 844(h) was analogous to the sentence required under 18 U.S.C. § 924(c) for use of a firearm. Section 844(h) declares: "[N]or shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried." The statute makes no reference to a period of supervised release. The Guidelines do not address supervised release explicitly but do say in the case of a statute which mandates a consecutive sentence, "That sentence then runs consecutively to the sentences imposed on the other counts." United States Sentencing Commission, *Guidelines Manual,* 5G1.2, Commentary, § 4 (1992). The Guidelines, "CHAPTER FIVE: Determining the Sentence," has several parts as follows: "Part A–Sentencing Table; Part B–Probation; Part C–Imprisonment; Part D–Supervised Release...." It would make no sense to hold that the Guidelines treat "Supervised Release" when "Determining the Sentence" but did not mean to include supervised release when they say that a sentence that runs consecutively must be "treated separately."

The statutory scheme of sentencing, including the Guidelines, must be construed harmoniously as a whole. "Release of a Prisoner," 18 U.S.C. § 3624(e) should not be construed to countermand the Guidelines and countermand the congressional interest that certain sentences not run concurrently. Accordingly, we hold that 18 U.S.C. § 3624(e) does not apply to a sentence of supervised release in the case of a sentence that by statute is mandated to be consecutive.

**AFFIRMED.**