UNITED STATES of America,
Plaintiff–Appellee,

v.

James Eugene SMALLWOOD,
Defendant–Appellant.

No. 92–50695.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 3, 1993.

Decided Sept. 8, 1994.

Amy Fan, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Robert T. Scott, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: NORRIS, WIGGINS, and O'SCANNLAIN, Circuit Judges.

WIGGINS, Circuit Judge:

On June 30, 1992, a grand jury indicted James Eugene Smallwood on one count of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a). Ultimately, Smallwood pleaded guilty, and the district court sentenced him to 160 months of incarceration followed by three years of supervised release. Smallwood appeals his sentence. We have jurisdiction over this timely appeal pur-

suant to 28 U.S.C. § 1291. We vacate and remand for resentencing.

## I. Facts

James Eugene Smallwood pleaded guilty to the June 19, 1992, unarmed bank robbery of a First Interstate Bank in Mission Viejo, California. The presentence report calculated Smallwood's sentencing guideline range at 57 to 63 months based on an adjusted offense level of 20 and a criminal history category of IV. At the November 4, 1992, sentencing hearing,[1] the district court departed upward because of its belief that U.S.S.G. § 4A1.1(e) did not adequately take into account the fact that Smallwood committed the instant offense only three months after being paroled for *virtually the same offense* and because of its belief that Smallwood's assignment to criminal history category IV did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit other crimes. Thus, analogizing to the career criminal category,[2] the district court sentenced Smallwood to 160 months of incarceration followed by three years of supervised release. Smallwood appeals.

## II. Standard of Review

■ We review the district court's decision to depart upward under the three-part test of *United States v. Lira–Barraza*, 941 F.2d 745 (9th Cir.1991) (en banc). First, we review de novo whether the district court had legal authority to depart. *See id.* at 746. Second, we review for clear error the factual findings supporting the existence of an aggravating circumstance. 18 U.S.C.

§ 3742(d); *Lira–Barraza*, 941 F.2d at 746–47. Third, we review for reasonableness the extent of the district court's departure. *Lira–Barraza*, 941 F.2d at 747, 751.

## III. Discussion

A district court has legal authority to depart only if it identifies an aggravating circumstance "that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b) (1988); *Lira–Barraza*, 941 F.2d at 746. In this case, the district court concluded that U.S.S.G. § 4A1.1(e)'s [3] failure adequately to take into account the fact that Smallwood committed the instant offense only three months after being paroled for *virtually the same offense* and Smallwood's criminal record were just such aggravating circumstances and departed upward.

With respect to Smallwood's criminal record, the district court departed upward under U.S.S.G. § 4A1.3, which provides:

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

■ "We have held that an upward departure based on the inadequacy of a defendant's criminal history category is proper only in those limited circumstances where the defendant's criminal record is 'significantly more serious' than that of other defendants in the same category." *United States*

---

1. Smallwood's sentencing was accomplished over a period of a few months. The district court held sentencing hearings throughout August 1992 and on October 21, 1992. At these hearings, the court made all the essential decisions relating to sentencing. At the October hearing, however, the district court indicated its intention, based on the court's own motion, to depart upward. The district court continued the hearing to November 4th only so that (1) the government could provide the district court with legal authority for an upward departure and (2) the court could decide how far upward to depart.

2. Because we reverse on other grounds, we do not consider whether to adopt the Tenth Circuit's

conclusion that "the career offender category ... may provide the appropriate analogy in some cases." *United States v. Jackson*, 921 F.2d 985, 993 (10th Cir.1990) (en banc); *see also United States v. Gardner*, 905 F.2d 1432, 1437–39 (10th Cir.), *cert. denied*, 498 U.S. 875, 111 S.Ct. 202, 112 L.Ed.2d 163 (1990).

3. U.S.S.G. § 4A1.1(e) provides: "Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item."

*v. Streit,* 962 F.2d 894, 903 (9th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 431, 121 L.Ed.2d 352 (1992). Based on Smallwood's twenty-year criminal history, which included a 1968 conviction for second-degree robbery, a 1970 conviction for trespassing,[4] a 1971 conviction for resisting arrest, 1972 convictions for possession of dangerous drugs and carrying a concealed weapon, a 1976 conviction for impersonating a police officer, a 1978 conviction for assault, 1980 convictions for bank robbery and use of a dangerous weapon, and a 1986 arrest for attempted murder,[5] the district court concluded that Smallwood's criminal record met that standard.

However, some of these convictions and the sentences related thereto precede Smallwood's instant offense by more than 15 years, i.e., they are "remote convictions" that cannot be considered in calculating his criminal history category. *See* U.S.S.G. § 4A1.2(e); *United States v. Latimer,* 991 F.2d 1509, 1510 (9th Cir.1993).[6] Under Application Note 8 to U.S.S.G. § 4A1.2, remote convictions justify departure under U.S.S.G. § 4A1.3 only if they are similar to the instant offense. *See* U.S.S.G. § 4A1.2, comment (n. 8) (authorizing the district court to depart "[i]f the government is able to show that a sentence imposed outside this time period is evidence of similar misconduct"); *United States v. Leake,* 908 F.2d 550, 554 (9th Cir. 1990) ("[W]e conclude that the Guidelines reject the possibility that an upward departure could be based on remote convictions having no similarity to the offense for which the defendant is being sentenced."); *see also United States v. Starr,* 971 F.2d 357, 361–62

(9th Cir.1992); *United States v. Notrangelo,* 909 F.2d 363, 367 (9th Cir.1990).[7]

■ Under this standard, we conclude that the district court properly considered Smallwood's 1968 conviction for second degree robbery, as it is "evidence of similar misconduct" to the instant offense. *See Starr,* 971 F.2d at 362 (crimes of theft are similar offenses). Smallwood's reliance on *United States v. Thomas,* 961 F.2d 1110 (3d Cir.1992), to argue that the district court improperly considered the 1968 conviction for robbery because it was a juvenile conviction, is misplaced.

In *Thomas,* the Third Circuit explicitly relied on *United States v. Samuels,* 938 F.2d 210 (D.C.Cir.1991), which held that the defendant's five juvenile convictions, which were not included in the calculation of his criminal history points under U.S.S.G. § 4A1.2(d), could not be the basis for a departure upward. *Id.* at 214–15. However, the *Samuels* court also noted that a departure *would be* appropriate if the juvenile convictions were for conduct similar to the instant offense. *Id.* at 215 (referring to U.S.S.G. § 4A1.2, comment (n. 8)). Because we agree with and adopt this aspect of *Samuels,* we conclude that the district court properly considered Smallwood's 1968 conviction for second degree robbery.

■ However, the result is otherwise with respect to the district court's consideration of Smallwood's 1970 conviction for trespassing, 1971 conviction for resisting arrest, 1972 convictions for possession of dangerous drugs and carrying a concealed weapon, and 1976 conviction for impersonating a police officer.[8] Because those offenses have noth-

---

**4.** Although the district court did not consider this conviction in departing upward under the first prong of U.S.S.G. § 4A1.3 (inadequate reflection of the seriousness of the defendant's past criminal conduct), he did consider it under the second prong (likelihood that the defendant will commit other crimes).

**5.** This arrest resulted in the revocation of Smallwood's parole for his 1980 convictions.

**6.** Smallwood pleaded guilty to the instant offense in August of 1992. Thus, all convictions prior to August of 1977 are "remote convictions" under U.S.S.G. § 4A1.2(e).

**7.** Application Note 8 also authorizes departure based on remote convictions if those convictions are evidence of "the defendant's receipt of a

substantial portion of income from criminal livelihood." U.S.S.G. § 4A1.2, comment (n. 8). Contrary to the government's argument, there is no evidence in the record that the district court did or could have departed on that basis here.

**8.** Fortunately for Smallwood, the 1992 version of the Guidelines does not apply. The 1992 version includes an amendment providing that a court may depart upward based on remote convictions that "are evidence of similar, *or serious dissimilar,* criminal conduct," *see* U.S.S.G. § 4A1.2, comment (n. 8) (emphasis added) (the "SDRC (Serious Dissimilar Remote Crimes) Amendment"). New guideline versions, including amendments, have no application to sentences for crimes committed before such guidelines' effective date if application would violate the ex post facto clause. *United States v. Johns,* 5 F.3d

ing in common with the instant offense, we conclude that it was error for the district court to consider them in deciding to depart upward.[9] Thus, we vacate Smallwood's sentence and remand to the district court for resentencing. *See United States v. Cervantes–Lucatero,* 889 F.2d 916, 919 (9th Cir. 1989) ("[W]hen some of the reasons stated [for a departure] are proper and some are improper, we must vacate and remand for resentencing.").[10]

VACATED and REMANDED for resentencing.

1267, 1269–73 (9th Cir.1993); *United States v. Warren,* 980 F.2d 1300, 1304 (9th Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 397, 126 L.Ed.2d 344 (1993); *United States v. Castro,* 972 F.2d 1107, 1112 (9th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1350, 122 L.Ed.2d 731 (1993). The SDRC Amendment became effective after Smallwood completed the crime for which he was sentenced in the district court. The amendment changes the substantive law and the meaning and effect of the guidelines in this circuit, *see Leake,* 908 F.2d at 554, and, if applied, would increase Smallwood's sentence substantially. Respectfully disagreeing with the Sentencing Commission's conclusion that the amendment is only clarifying and not substantive, we find that retroactive application of the SDRC Amendment would violate the ex post facto clause. *United States v. Mondaine,* 956 F.2d 939, 941–42 (10th Cir.1992); *United States v. Saucedo,* 950 F.2d 1508 (10th Cir.1991) ("[W]hen we are required to overrule precedent in this circuit in order to interpret the guideline consistent with the amended commentary, we cannot agree with the Sentencing Commission that the amendment merely clarified the pre-existing guideline."), *cert. denied,* —— U.S. ——, 113 S.Ct. 1343, 122 L.Ed.2d 725 (1993); *see United States v. Bishop,* 1 F.3d 910, 912 (9th Cir.1993) (declining to rely on an amendment that did not "plainly serve to clarify ... rather than to alter" existing law); *cf. United States v. Innie,* 7 F.3d 840, 849 (9th Cir. 1993); *Johns,* 5 F.3d at 1269–73. *United States v. Williams,* 989 F.2d 1137 (11th Cir.1993), did not involve an overturning of prior circuit law. Even if it did, we would decline to follow it.

9. Because we so conclude, we express no opinion as to whether *Baldasar v. Illinois,* 446 U.S. 222, 226, 100 S.Ct. 1585, 1587, 64 L.Ed.2d 169 (1980) (Marshall, J., concurring), prohibits the district court from considering uncounselled prior convictions in determining whether to depart or as to whether the record in this case is adequate to demonstrate that any of Smallwood's prior convictions were uncounselled.

10. Although the district court indicated that, if a departure upward was found inappropriate, it would impose a 63 month sentence ("This sentence is 160 months. If a departure is found to be inappropriate, it is 63 months."), we remand because we conclude only that the district court improperly considered dissimilar, prior convictions, not that a departure upward was inappropriate. Considering the aspects of Smallwood's criminal record that the district court specifically did not rely on and those that it properly considered, on remand the district court may conclude that, notwithstanding this opinion, Smallwood's criminal record is "significantly more serious" than that of other criminal history category IV defendants. *See, e.g., United States v. Durham,* 995 F.2d 936, 939–40 (9th Cir.1993); *United States v. Cruz–Ventura,* 979 F.2d 146, 150 (9th Cir.1992); *Streit,* 962 F.2d at 904; *United States v. Singleton,* 917 F.2d 411, 413 (9th Cir.1990). If the district court so concludes, its degree of departure should be guided by analogy to higher criminal history categories. *See Streit,* 962 F.2d at 905. If it does not so conclude, it should impose the 63 month sentence.