**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Paul SANDERS, Defendant–Appellant.**

No. 94–50265.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 1995.

Decided Oct. 5, 1995.

Oswald Parada, Deputy Federal Public Defender, Los Angeles, California, for defendant-appellant.

Miriam Krinsky and Alicia Villarreal, Assistant United States Attorneys, Los Angeles, California, for plaintiff-appellee.

Before: FLETCHER, WIGGINS, and FERNANDEZ, Circuit Judges.

Opinion by Judge WIGGINS; Dissent by Judge FERNANDEZ.

WIGGINS, Circuit Judge:

### OVERVIEW

Paul Sanders pled guilty to a 1993 bank robbery and to using a firearm during a crime of violence, in violation of 18 U.S.C. § 2113(a) and (d); and 18 U.S.C. § 924(c)(1). He was sentenced to 50 months imprisonment for the bank robbery and 60 months for the use of the firearm. He was also sentenced to a five-year term of supervised release on the former, and a three-year term on the latter. The supervised release terms, like the terms of imprisonment, were imposed to run consecutively.

Sanders admits that under the law of this circuit in 1993, the district court was correct in imposing consecutive terms of supervised release. However, he argues that a 1994 amendment to the Sentencing Guidelines that prohibits consecutive terms of supervised release should be applied retroactively. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

## DISCUSSION

### I. *Ninth Circuit Law Allowed for Consecutive Terms of Supervised Release.*

It is undisputed that the district court's imposition of consecutive terms of supervised release in this case was proper under this court's decision in *United States v. Shorthouse*, 7 F.3d 149 (9th Cir.1993). In *Shorthouse*, the defendant pled guilty to two charges, one of which involved a violation of 18 U.S.C. § 844(h). The court noted that section 844(h) is analogous to 18 U.S.C. § 924(c) (the statute at issue in the present case), because section 844(h) provides: "[N]or shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment. . . ." 7 F.3d at 152. The court noted, however, that section 844(h) (like Section 924(c)) makes no reference to supervised release. Turning to the Sentencing Guidelines, the court noted that they, too, did not address supervised release specifically, but that U.S.S.G. § 5G1.2 did provide "in the case of a statute which mandates a consecutive sentence, '[t]hat sentence then runs consecutively to the sentences imposed on the other counts.'" 7 F.3d at 152 (quoting U.S.S.G. § 5G1.2 commentary, ¶ 4 (1992)). The court concluded that this reference to consecutive sentences included supervised release terms. It then held that this provision, and § 844(h)'s requirement of consecutive sentences, should not be trumped by 18 U.S.C. § 3624(e), which contains a general rule that supervised release terms are to run concurrently. 7 F.3d at 152.

### II. *The Sentencing Guidelines No Longer Allow For Consecutive Terms of Supervised Release.*

A 1994 amendment to the Sentencing Guidelines makes clear that supervised release terms are not to run consecutively, even in cases where punishments for the underlying crimes must be imposed consecutively. As described above, the *Shorthouse* court relied upon the commentary to U.S.S.G. § 5G1.2 for its holding. Before the 1994 amendment, that commentary read as follows:

Counts for which a statute mandates a consecutive sentence, such as counts charging the use of a firearm in a violent crime (18 U.S.C. § 924(c)) are treated separately. The sentence imposed on such a count is the sentence indicated for the particular offense of conviction. That sentence then runs consecutively to the sentences imposed on the other counts.

The 1994 amendment, however, added the following at the end of the provision:

Note, however, that even in the case of a consecutive term of imprisonment imposed under subsection (a), any term of supervised release imposed is to run concurrently with any other term of supervised release imposed. See 18 U.S.C. § 3624(e).

U.S.S.G.App. C, amend. 507, U.S.S.G. § 5G1.2. This addition clearly indicates that we were mistaken in *Shorthouse* when we ruled that section 5G1.2's commentary was meant to trump 18 U.S.C. § 3614(c)'s general prohibition against consecutive terms of supervised release. Accordingly, defendants who now face sentencing for crimes such as Sanders' will not be sentenced to consecutive terms of supervised release. The question squarely before us, therefore, is whether to apply this 1994 amendment to Sanders' sentence.

### III. *The Amendment to the Sentencing Guidelines Will be Applied to Sanders.*

■ The Ninth Circuit has consistently stated that when an amendment is a clarification, rather than an alteration, of existing law, then it should be used in interpreting the provision in question retroactively. *See, e.g., United States v. Quinn*, 18 F.3d 1461, 1467 (9th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 2755, 129 L.Ed.2d 871 (1994); *United States v. Carrillo*, 991 F.2d 590, 591–92 (9th Cir.), *cert. denied,* — U.S. —, 114 S.Ct. 231, 126 L.Ed.2d 186 (1993). This accords with the Sentencing Guidelines, which provide: "The Guidelines Manual in effect on a particular date shall be applied in its entirety. . . . However, if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than · substantive changes." U.S.S.G. § 1B1.11(b)(2).

■ The amendment in the case before us is a clarifying, rather than a substantive, amendment. The attendant commentary to the amendment states that the purpose of the amendment is "to clarify" that supervised release terms are always to run concurrently. When an amendment is labelled a clarification, it is generally applied retroactively. *See United States v. Donaghe*, 50 F.3d 608, 612 (9th Cir.1995). Further, the commentary to the amendment notes that the amendment resolves a split in the circuits over the proper relationship between U.S.S.G. § 5G1.2 and 18 U.S.C. § 3624(e).[1] An amendment that resolves a circuit split generally clarifies and does not modify existing law. *In re Adams*, 761 F.2d 1422, 1427 (9th Cir.1985); *Callejas v. McMahon*, 750 F.2d 729, 731 (9th Cir.1985).

We note that although the amendment in this case clearly was meant to clarify the existing Sentencing Guidelines provision, it also had the effect of changing the substantive law of this circuit as stated in *Shorthouse*. At least one Ninth Circuit case contains language suggesting that an amendment's effect on the law of the circuit, as opposed to its effect on the statute, determines whether to apply an amendment retroactively. *See United States v. Smallwood*, 35 F.3d 414, 417–18 n. 8 (9th Cir.1994) (in holding that a subsequent amendment would not apply to an earlier crime, the court noted that "[t]he amendment changes the substantive law and the meaning and effect of the guidelines in this circuit....."). The concern underlying the quoted language from *Smallwood*, however, was with the ex post facto clause, as was made clear in the remainder of the quoted sentence: "and, if [the amendment were] applied [it] would increase Smallwood's sentence substantially. Respectfully disagreeing with the Sentencing Commission's conclusion that the amendment is only clarifying and not substantive, we find that retroactive application of the ... Amendment would violate the ex post facto clause." *Id.* A Tenth Circuit case that, like *Smallwood*, focused upon an amendment's effect on the law as it existed within a circuit also based its reasoning upon the ex post facto clause: "The ... amendment is a substantive change to § 3B1.1 in this circuit, thereby implicating the ex post facto clause." *United States v. Saucedo*, 950 F.2d 1508, 1515 (1991), *abrogated on other grounds, Stinson v. United States*, —— U.S. ——, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993).

In the present case, the ex post facto clause is not implicated. The amendment, if treated as a clarifying amendment, as the Sentencing Commission clearly intended, will not increase Sanders' sentence, but decrease it. Accordingly, we believe that we should treat the amendment as it was clearly intended—as a clarifying amendment—and apply it retroactively.

## CONCLUSION

For the foregoing reasons, we reverse the sentence of consecutive terms of supervised release, and remand to the district court for sentencing consistent with this opinion.

FERNANDEZ, Circuit Judge, dissenting:

There can be no doubt that we will *not* apply a substantive change to the Guidelines retroactively, unless it is listed among those changes set forth in U.S.S.G. § 1B1.10. *See United States v. Aldana–Ortiz*, 6 F.3d 601, 602 (9th Cir.1993). We do apply clarifying changes retroactively. *See United States v. Donaghe*, 50 F.3d 608, 612 (9th Cir.1994). However, the mere fact that the Commission calls a change clarifying does not make it so where it changes our precedent regarding the law. *See United States v. Smallwood*, 35 F.3d 414, 418 n. 8 (9th Cir.1994). When a Guideline change affects the substantive law of this circuit, it is a substantive change. *See id.; United States v. Johns*, 5 F.3d 1267 (9th Cir.1993). So it is here.

The Commission has called its change to U.S.S.G. § 5G1.2 clarifying, but the amendment directly reverses the law of this circuit. *See United States v. Shorthouse*, 7 F.3d 149 (9th Cir.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 1838, 128 L.Ed.2d 466 (1994). The

---

1. Unlike the Ninth and Tenth Circuits, the Eighth Circuit held that supervised release terms are never to be imposed consecutively. *United States v. Gullickson*, 982 F.2d 1231, 1236 (8th Cir. 1993).

fact that this particular substantive change would benefit rather than harm Sanders is beside the point. *See United States v. Mooneyham,* 938 F.2d 139, 141 (9th Cir.), *cert. denied,* 502 U.S. 969, 112 S.Ct. 443, 116 L.Ed.2d 461 (1991). Had the Commission wanted it to be otherwise, it could have placed the amendment under the provisions of U.S.S.G. § 1B1.10. The fact that this was a clarifying amendment would not preclude that. *See, e.g.,* U.S.S.G. app. C, amend. 454 (clarifying amendment listed under § 1B1.10(c)).

I, therefore, see no basis for applying this amendment to upset Sanders' sentence. When the district court sentenced him, it did so in exactly the right way under the Guidelines as they were interpreted by the law of this circuit. We should not be reversing this case based upon a later change. Indeed, there is much mischief in doing so.

We will, for example, encourage defendants to file otherwise meritless appeals on the off-chance that there will be some later spasm of activity from the Commission that will change the interpretation of the Guidelines. *See Mooneyham,* 938 F.2d at 141. That is not a bad gamble, when one considers the frequency of changes made by that body. As of the November 1994 version we were up to Amendment 509. Moreover, this new approach will bypass § 1B1.10's conferral of discretion upon the district court when retroactive changes are made, for (as here) there will be no discretion. The defendant will simply get the benefit of the change. Again, that is just too good a gamble for a defendant to pass up.

In short, I think it takes matters out of order to first consider whether a defendant is benefitted by a change and to then decide if the change is substantive. We should first characterize the change and then let the result flow from that characterization. Here the change is substantive. The result that flows is non-retroactivity, and the sentence should be affirmed.

Thus, I respectfully dissent.