**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Patrick INNIE, Defendant–Appellant.**

No. 95–50116.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 1996.

Decided March 11, 1996.

---

---

Myra Sun, Deputy Federal Public Defender, Los Angeles, California, for defendant-appellant.

Rob B. Villeza, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: BRIGHT,* SKOPIL, and WIGGINS, Circuit Judges.

BRIGHT, Senior Circuit Judge:

Patrick Innie appeals his sentence of nineteen years and seven months imposed by the district court after a jury convicted him on drug and firearm charges. For reversal, Innie argues the district court erred in determining that the 1993 Sentencing Guidelines Amendment to U.S.S.G. § 2D1.1, comment. (n.1) did not apply to him. We conclude the amendment should have been applied because the amendment merely clarified the existing guideline rule and because the Sentencing Commission specified the amendment was to be applied retroactively. We reverse and remand for resentencing.

---

* Honorable Myron H. Bright, Senior United States Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation.

**1208**

## I. BACKGROUND

In February 1989, Innie was arrested outside of a motel room. In his room, police officers found five containers containing methamphetamine liquid, as well as small amounts of methamphetamine and marijuana, drug-manufacturing paraphernalia, and two handguns. The methamphetamine liquid weighed 3,388 grams and had a purity level between 4% and 8%. The remainder of the liquid was a toxic waste-water substance that was to be removed during the methamphetamine manufacturing process.

Innie was charged with possessing with intent to distribute 3,388 grams of a "mixture or substance" containing methamphetamine, being a felon-in-possession of a firearm, using a firearm in relation to a drug trafficking crime, and being a fugitive-in-possession of a firearm, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. §§ 924(c), 922(g)(1),(2). A jury convicted him on all four counts.

At his original sentencing, Innie argued that the waste-water should not be included in the quantity of methamphetamine for which he was held accountable. The drug quantity issue was moot as Innie was sentenced as a career offender to 420 months imprisonment. On appeal, this court rejected the career offender status, but affirmed the district court's decision to use the entire weight of the methamphetamine liquid at sentencing. *United States v. Innie*, 7 F.3d 840, 845–47 (9th Cir.1993) (quoting 1988 and 1989 versions of section 2D.1(c), comment. (n.1) for proposition that court should use entire weight of mixture or substance containing methamphetamine or weight of pure methamphetamine, whichever is greater), *cert. denied,* — U.S. ——, 114 S.Ct. 1567, 128 L.Ed.2d 212 (1994).

On November 1, 1993, before Innie's resentencing, Amendment 484 to the Sentencing Guidelines went into effect. Altering Application Note 1 to U.S.S.G. § 2D1.1, this amendment states that "mixture or substance," as used in the Guidelines "does not include materials that must be separated from the controlled substance before the controlled substance can be used" and lists as an example the waste-water that must be separated from a controlled substance before the controlled substance can be marketed. Section 2D1.1, comment. (n.1) (1993). The Sentencing Commission noted that this amendment could be applied retroactively. See U.S.S.G. § 1B1.10.

Nonetheless, the district court declined to revisit on remand the issue of methamphetamine weight, considering itself bound by the law of the case and the scope of the remand. The district court sentenced Innie to a total of 235 months imprisonment: 175 months on the drug charge concurrent with two 120–month sentences on the felon- and fugitive-in-possession of a firearm charges and a sixty-month consecutive sentence for using a firearm in connection with a drug offense. On appeal, the parties agreed the drug weight issue was not resolved by the law of the case, and this court remanded for further findings regarding the amended application note.

On remand, Innie contended that the new application note was a clarifying, retroactive amendment. The government argued, and the district court agreed, that Amendment 484 was a substantive amendment. Innie's suggested application of the amendment was inconsistent with this court's holding in Innie that the entire weight of the methamphetamine mixture should be considered in determining his base offense level under section 2D1.1. In order to give Innie the benefit of Amendment 484 as a substantive amendment, the court would have to apply the 1994 Guidelines Manual in its entirety which in turn would yield a longer sentence.[1] Therefore, the district court applied the earlier 1988 Sentencing Guidelines according to its analysis and reimposed a 175–month sentence on the drug charge. The question on appeal is whether Amendment 484 is substantive-changing the law-or merely a clarifi-

1. Under U.S.S.G. § 1B1.11(b)(2), a sentencing court must apply the Guidelines Manual in effect on a particular date in its entirety, and cannot apply one guideline section from one edition of the Guidelines Manual and another guideline section from a different edition of the Guidelines Manual. Courts may consider amendments subsequent to the edition being applied to the extent those amendments are "clarifying" rather than "substantive changes." Section 1B1.11(b)(2).

cation explaining the existing guideline section.

## II. DISCUSSION

■ "The Ninth Circuit has consistently stated that when an amendment is a clarification, rather than an alteration, of existing law, then it should be used in interpreting the provision in question retroactively." *United States v. Sanders*, 67 F.3d 855, 856 (9th Cir.1995). Although the Sentencing Guidelines direct that the guidelines manual in effect on a particular date should be applied in its entirety, if an earlier edition of the manual is applied, "the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes." U.S.S.G. § 1B1.11(b)(2). In the present case, Amendment 484 is included in a list of amendments the Sentencing Commission has authorized courts to apply retroactively, *see* U.S.S.G. § 1B1.10; *see also* 18 U.S.C. § 3582(c)(2), and commentary to the amendment indicates that the amendment "addresses an inter-circuit conflict regarding the meaning of the term 'mixture or substance[.]'" *See* U.S.S.G.App. C, Amend. 484. "An amendment that resolves a circuit split generally clarifies and does not modify existing law." *Sanders*, 67 F.3d at 857.

The government argues that, under *United States v. Smallwood*, 35 F.3d 414, 417–18 n. 8 (9th Cir.1994) (holding subsequent amendment would not apply in part because it changed substantive law and meaning and effect of guidelines in circuit), an amendment's effect on the law of the circuit, as opposed to its effect on the statute, determines whether to apply an amendment retroactively. Indeed, application of Amendment 484 will change the prior law of the Ninth Circuit on this issue. *See Innie*, 7 F.3d at 845–47. The Smallwood case has recently been distinguished in *Sanders*, however, because the concern underlying the relevant

language in *Smallwood* was that the ex post facto clause would prohibit an increase in a defendant's sentence based upon a subsequent amendment. *Sanders*, 67 F.3d at 857. Here, as in *Sanders*, the ex post facto clause is not implicated because the amendment, if treated as clarifying based on the clear intention of the Sentencing Commission, will decrease rather than increase his sentence.

■ We thus conclude that Amendment 484 is a clarifying, retroactive amendment which the district court should have applied to Innie. *See United States v. Deninno*, 29 F.3d 572, 579 (10th Cir.1994) (Amendment 484 applies retroactively), *cert. denied,* —— U.S. ——, 115 S.Ct. 1117, 130 L.Ed.2d 1081 (1995); *United States v. Towe*, 26 F.3d 614, 616–17 (5th Cir.1994) (per curiam) (remanding in methamphetamine case for application of retroactive Amendment 484). Using the correct amount of methamphetamine–203 grams of methamphetamine converted to 406 grams of cocaine under the 1988 Sentencing Guidelines drug equivalency tables—Innie would receive an offense level of 24 and a sentencing range of 100 to 125 months on the drug charge. This sentence will be concurrent to the 120–month sentences already imposed for the felon- and fugitive-in-possession of a firearm charges.

We therefore vacate Innie's sentence and remand to the district court for imposition of a concurrent sentence on the drug charge of 120 to 125 months imprisonment.[2]

**REVERSE AND REMAND FOR RE-SENTENCING.**

---

2. Because the drug charge sentence is concurrent with the 120 month sentences previously imposed, we need not concern ourselves with whether a mandatory minimum sentence of 120 months is required. *See* 21 U.S.C. § 841(b)(1)(A)(viii); *Neal v. United States,* —— U.S. ——, 116 S.Ct. 763, 133 L.Ed.2d 709 (1996). However, to avoid possible conflict with any mandatory minimum the sentence should at least equal the mandatory minimum sentence of 120 months. Since Innie is already subject to concurrent sentences of 120 months on the firearm possession charges, it is appropriate to disregard the lower end of the sentence range from 100 to 120 months.