UNITED STATES of America,
Plaintiff–Appellee,

v.

Marvin BUTLER, Defendant–Appellant.

No. 02–50182.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 10, 2004.

Filed Nov. 23, 2004.

Richard D. Rome, Esq., Van Nuys, CA, for the defendant-appellant.

Debra W. Wang, United States Attorney, Steven D. Clymer, Special Assistant, United States Attorney, Chief, Criminal Division, Curtis A. Kin, Assistant United States Attorney, Major Frauds Section, Los Angeles, CA, for the plaintiff-appellee.

Before BROWNING, RYMER, and GRABER, Circuit Judges.

BROWNING, Circuit Judge.

Marvin Butler challenges his sentence for mail fraud, money laundering, and related tax offenses.[1] The issue is whether, under the United States Sentencing Guidelines (USSG), as amended on November 1, 2001, counts of mail fraud in violation of 18 U.S.C. § 1341 and money laundering in violation of 18 U.S.C. § 1957 should be grouped together. We hold that the dis-

---

1. We affirm Butler's convictions in a separate memorandum disposition filed this date.

trict court erred in failing to consider Amendment 634 to the USSG at sentencing. This amendment provides that counts of fraud and money laundering arising from the same conduct are to be grouped together into one count. We vacate Butler's sentence and remand for resentencing.[2]

## I.

This case arises out of an elaborate fraudulent scheme involving a non-existent specialized mobile radio communications system, known as an "SMR" system. These systems are radio bases, used at fixed locations such as police dispatchers' offices, to communicate with mobile units, like police cars. Butler's company solicited investments in this system and misled investors with false accounts of progress in building the SMR system and obtaining customers. He hired, trained and supervised telemarketers, mailed promotional materials to prospective "investors," and eventually called victims to solicit investments directly. On July 12, 2001, a jury convicted Butler on eight counts of mail fraud in violation of 18 U.S.C. § 1341, five counts of money laundering in violation of 18 U.S.C. § 1957(a), and three counts of tax offenses that are not at issue on appeal. The district court sentenced Butler on February 4, 2002, and he timely appealed.

## II.

■ In general, courts must impose sentences in accordance with the version of the USSG in effect on the sentencing date. 18 U.S.C. § 3553(a)(4)-(5). However, a court may not impose a sentence that would violate the *ex post facto* clause of Article I of the Constitution.[3] *United States v. Martin,* 278 F.3d 988 (9th Cir. 2002). According to USSG § 1B1.11(b)(1), "[i]f the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed." For this reason, the district court and Butler agreed to apply the 1995 edition of the USSG.

■ Butler argues that the district court erred in not grouping, for sentencing purposes, his counts of mail fraud under 18 U.S.C. § 1341 and money laundering under 18 U.S.C. § 1957, pursuant to USSG § 3D1.2.

Grouping is defined as follows: "All counts involving substantially the same harm shall be grouped together into a single Group." USSG § 3D1.2. The purpose of the amendment is to "promote proportionality by providing increased penalties for defendants who launder funds derived from more serious criminal conduct." USSG app. C, vol. II, am. 634. Amendment 634 to the USSG, which took effect on November 1, 2001, before Butler's sentencing on February 4, 2002, provided that such counts of fraud and money laundering henceforth would be grouped. *See* USSG app. C vol. II, am. 634; USSG § 2S1.1, cmt. n. 6 (2001). In other words, the amendment collapses sentencing for money laundering into sentencing for the underlying offense that generated the laundered money. Application of the

---

2. Because we vacate the entire sentence due to the grouping error, we need not address Butler's challenges to the leadership, vulnerable victim, and amount-of-loss enhancements to the restitution order.

3. "No Bill of Attainder or ex post facto Law shall be passed." *U.S. Const. art. 1, § 9, cl. 3.*

amendment would reduce Butler's sentence.

■ The Sentencing Guidelines provide that a court applying an earlier edition of the USSG shall apply that edition in its entirety. USSG § 1B1.11(b)(2) (2003).[4] However, this provision contains a caveat: "if a court applies an earlier edition of the Guidelines Manual, the court shall consider subsequent amendments, to the extent that such amendments are clarifying rather than substantive changes." *Id.* The Ninth Circuit has interpreted this caveat to *require* application of subsequent amendments: "The Ninth Circuit has consistently stated that when an amendment is a clarification, rather than an alteration of existing law, then it *should* be used in interpreting the provision in question retroactively." *United States v. Sanders,* 67 F.3d 855, 856 (9th Cir.1995) (emphasis added).[5]

The provision of Amendment 634 that mandates grouping fraud and money laundering is a "clarifying rather than substantive" change. The provision was introduced to resolve a circuit split, as the commentary explains:

> In a case in which the Defendant is to be sentenced on a count of conviction for money laundering and a count of conviction for the underlying offense that generated the laundered funds, this application note instructs that such counts be grouped ..., thereby resolving a circuit split on the issue.

USSG app. C, vol. II, am. 634, cmt. The Ninth Circuit has held that "[a]n amendment that resolves a circuit split generally clarifies and does not modify existing law." *Sanders,* 67 F.3d at 857; *see also Moraes v. Adams (In re Adams),* 761 F.2d 1422, 1427 (9th Cir.1985); *Callejas v. McMahon,* 750 F.2d 729, 731 (9th Cir.1984). An amendment resolving a circuit split may be a clarification even if it "had the effect of changing the substantive law of this circuit." *Sanders,* 67 F.3d at 857. Thus, Amendment 634 is a clarifying amendment, and it should be used retroactively to interpret the 1995 USSG.[6] Because the district court sentenced without reference to *Sanders* and *Martin,* we vacate Butler's sentence and remand for resentencing. We leave it to the district court on remand to determine whether the money laundering and mail fraud arise from the same conduct such that they in fact should be grouped together under the rule we adopt.

### III.

Several of Butler's challenges to his sentence (see fn. 2, *supra* ) might be affected by the Supreme Court's decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct.

---

4. USSG § 1B1.11(b)(2) is identical in all editions of the USSG relevant to this case: the 2002 edition in effect at the time of sentencing, the 1995 edition applied by the district court to avoid an *ex post facto* problem, and the current 2003 edition.

5. Only clarifying amendments that *benefit* the defendant, like the ones at issue in *Sanders* and here, apply retroactively. The *Ex Post Facto* clause of course prohibits retrospective application of any amendment detrimental to the defendant.

6. In addition to using Amendment 634, the district court must apply all clarifying amendments that were in effect as of the date of Butler's original sentence, pursuant to 18 U.S.C. § 3742. That statute states that, on remand, "the court shall apply the guidelines issued by the Sentencing Commission ... that were in effect on the date of the previous sentencing of the defendant prior to the appeal, together with any amendments thereto by any act of Congress that was in effect on such date." 18 U.S.C. § 3742(g)(1). This is not to be confused with 18 U.S.C. § 3553(a)(4)-(5), which state that courts calculate sentences at the original sentencing hearing based on the version of the USSG in effect on the sentencing date.

2531, 159 L.Ed.2d 403 (2004), and this court's interpretation of that case, *United States v. Ameline*, 376 F.3d 967 (9th Cir. 2004). "[I]f a district court errs in sentencing, we will remand for resentencing on an open record—that is, without limitation on the evidence that the district court may consider." *United States v. Matthews*, 278 F.3d 880, 885 (9th Cir.2002) (en banc). On remand, the court should determine the sentence based on whatever factors it deems proper given the uncertain state of *Blakely*.[7]

**CONVICTIONS AFFIRMED, SENTENCE VACATED, REMANDED FOR RESENTENCING.**

---

7. In *United States v. Castro*, 382 F.3d 927, 928 (9th Cir.2004) (per curiam) this court describes a district court's options on remand: "Among the options available to the district court, within the exercise of its discretion, would be to reconsider its sentence or to stay further proceedings pending the outcome of [*United States v.] Booker* [375 F.3d 508 (7th Cir.2004), *cert. granted*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) ] and *Fanfan v. [United States]* [No. 03–47, 2004 WL 1723114 (D.Me. June 28, 2004), *cert. granted*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004)], with or without granting bail to the defendant."