UNITED STATES of America, Plaintiff—Appellant,

v.

Sultan Warris KHAN, Defendant—Appellee.

United States of America, Plaintiff—Appellant,

v.

Asif Mohammad Khan, Defendant—Appellee.

Nos. 05–50468, 05–50472.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 24, 2006.

Filed July 28, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Becky S. Walker, Esq., Michael R. Wilner, Esq., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellant.

Nicola T. Hanna, Gibson Dunn & Crutcher LLP, Irvine, CA, Becky S. Walker, Esq., Michael R. Wilner, Esq., Office of the U.S. Attorney, Michael J. Lightfoot, Esq., Talcott Lightfoot Vandevelde & Sadowsky, Los Angeles, CA, for Defendant–Appellee.

Before: FERNANDEZ, RYMER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

The United States appeals the sentences imposed upon Sultan Warris Khan and Asif Mohammad Khan following their conviction by guilty plea to conspiracy, filing false quarterly reports with the Securities and Exchange Commission, wire fraud and deprivation of honest services, money laundering conspiracy, and concealment money laundering.[1] The government challenges the district court's imposition of sentences of twenty-four months imprisonment and fines in lieu of restitution. We review for reasonableness, *United States v. Booker*, 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Plouffe*, 445 F.3d 1126, 1131 (9th Cir.2006) (as amended), and affirm in part and remand in part.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Asif additionally pled guilty to falsification of accounting books and records.

The government argues that the district court failed to give sufficient weight to the Sentencing Guidelines. However, the court properly calculated a Guidelines range and used the range as a starting point. As we have subsequently indicated, the Guidelines are not entitled to greater weight than the other 18 U.S.C. § 3553(a) factors. *United States v. Zavala,* 443 F.3d 1165, 1171 (9th Cir.2006) (per curiam). The district court gave reasons for arriving at its sentence based on lack of criminal history, advanced age, and poor health. There is some evidence to support each. Whether or not we would have done the same thing, the court acted within its discretion in considering these factors to fashion a reasonable sentence. 18 U.S.C. § 3553(a); *United States v. Menyweather,* 447 F.3d 625, 634–35 (9th Cir.2006) (as amended).

The government argues that withdrawal of our opinion in *United States v. Butler,* 389 F.3d 956 (9th Cir.2004), *withdrawn by* 406 F.3d 1173 (2005), further evidences the unreasonableness of the sentence. But the district court properly based its Guidelines calculation on the law as it was at the time, and determined its ultimate sentence considering the Guidelines *and* the § 3553(a) factors. *See Menyweather,* 447 F.3d at 634–35.

Although the sentencing judge was in the best position to determine whether "complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process," 18 U.S.C. § 3663A(c)(3)(B), it is unclear to us that the court actually made such a determination with respect to NewCom and Actrade. The Khans' plea agreements appear to acknowledge losses to each of "at least $1.1 million," and the district court separately ordered a co-conspirator to pay restitution to these two entities jointly and severally with the Khans. In these circumstances, we are unable to say whether there was clear error or not. Therefore, we remand for the court to make an explicit determination with respect to restitution to NewCom and Actrade.

AFFIRMED IN PART; REMANDED IN PART.

RYMER, Circuit Judge, concurring.

I concur because I read our recent cases to dictate the result in this one. *United States v. Zavala,* 443 F.3d 1165, 1171 (9th Cir.2006) (per curiam). However, left to my own devices, I would say that the Guidelines range correctly calculated by the district judge is the presumptively reasonable sentence. I am not persuaded that the sentence actually arrived at here, after consideration of the § 3553(a) factors, is also reasonable. The Khans' lack of criminal history is fully accounted for in the Guidelines analysis, and nothing remarkable appears about it. Indeed, if anything, it seems to me that while they had no *criminal* record, their *civil* record of liability for a different fraudulent scheme—the same sort of conduct for which they stand convicted in this case—points in the other direction. Neither does their age seem pertinent; at least to me, 53, their approximate age when committing the crimes, is not "advanced." Even though time passed before sentencing, being 60–something isn't particularly "advanced," either. While both unquestionably have health issues, nothing in the record reflects a medical concern about the effect of incarceration or even the need for housing at a medical facility. Further, on none of these scores is there any indication that the Khans are situated differently from others convicted of similar crimes. Finally, it seems to me that the extent of variance is extraordinary, yet without extraordinary (or much of any) cause. *Compare United States v. Menyweather,* 447

F.3d 625, 635–36 (9th Cir.2006) (as amended). Accordingly, while I agree that the Guidelines were the appropriate starting point and that the district court could and should have considered § 3553(a) factors thereafter, I do not believe that the § 3553(a) factors as weighed by the district court vis-a-vis the Guidelines range produce a reasonable sentence.

CLIFTON, Circuit Judge, concurring in part and dissenting in part.

I dissent because I do not believe the sentence was reasonable even under *United States v. Zavala*, 443 F.3d 1165 (9th Cir.2006) (per curiam). In my view, as Judge Rymer's concurrence explains, the reasons given by the district court do not justify the degree of variance here. *See, e.g., United States v. Menyweather*, 447 F.3d 625 (9th Cir.2006) (as amended). I would, therefore, reverse across the board.