**UNITED STATES of America, Plaintiff—Appellee,**

v.

**George BASSELL, IV, Defendant— Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**George Bassell, IV, Defendant— Appellant.**

**Nos. 08–30133, 08–30140.**

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 24, 2009.

James P. Hagarty, Assistant U.S., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Rebecca Louise Pennell, Esquire, Assistant Federal Public Defender, Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

R.App. P. 34(a)(2).

Appeal from the United States District Court for the Eastern District of Washington, Edward F. Shea, District Judge, Presiding. D.C. Nos. 2:03–02117–EFS–1, 2:03–cr–02060–EFS–1.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

In these consolidated appeals, George Bassell, IV appeals from the two consecutive 12–month sentences of supervised release imposed following revocation of supervised release in Case Nos. 08–30133 and 08–30140. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.

Bassell contends that the district court abused its discretion by imposing drug testing and substance abuse treatment as conditions of supervised release. We disagree, in light of Bassell's prior use of methamphetamine. *See United States v. Carter,* 159 F.3d 397, 399–401 (9th Cir. 1998); *cf. United States v. Napier,* 463 F.3d 1040, 1044 (9th Cir.2006).

Bassell also contends that the district court orally imposed a six-month term of supervised release in both cases which was clearly inconsistent with the subsequent written judgments, such that the oral sentence controls. However, the record reflects that the district court imposed a 24–month term of supervised release at the close of the sentencing hearing, which was not inconsistent with the subsequent judgments.

Bassell further contends, and the government concedes, that the district court erred by imposing consecutive terms of supervised release. We agree. *See* 18 U.S.C. § 3624(e); *United States v. Sanders,* 67 F.3d 855, 856 (9th Cir.1995) (terms of supervised release may not be imposed consecutively). Moreover, the combined term of supervised release exceeded the applicable statutory maximum. Accordingly, we vacate and remand for resentencing consistent with this opinion.

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

