**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>  v.<br><br>LYNELL AVERY DENHAM,<br><br>    Defendant - Appellant. | No. 10-30111<br><br>D.C. No. 2:08-cr-00248-RSL-1<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted August 1, 2011
Seattle, Washington

Before: NOONAN and M. SMITH, Circuit Judges, and FOGEL, District Judge[**]

Defendant-Appellant timely appeals his guilty plea to four counts of bank

burglary and one count of possession of a firearm by a felon, in violation of 18

U.S.C. § 2113(a) and 18 U.S.C. §§ 922(g)(1), 924(a)(2).  As the facts and

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The Honorable Jeremy D. Fogel, United States District Judge for
Northern District of California, sitting by designation.

procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, and reverse and remand in part.

The district court did not err when it ruled that Denham knowingly, intelligently, and voluntarily waived his *Miranda* right to remain silent when he confessed. *See Miranda v. Arizona*, 384 U.S. 436, 475 (1966); *Colorado v. Connelly*, 479 U.S. 157, 170–71 (1986). When we consider the totality of the circumstances surrounding his waiver, *United States v. Garibay*, 143 F.3d 534, 536 (9th Cir. 1998), and the particular facts of Denham's "background, age, and conduct," *North Carolina v. Butler*, 441 U.S. 369, 374–75 (1979), it is apparent that Denham understood and knowingly waived his right to silence. The police twice advised Denham of his right to remain silent before questioning him. Denham indicated to the police that he understood and knew his rights by nodding his head affirmatively after each time he was read his rights. Denham also stated during the interview that "I'm not stupid, I've served time in federal prison. I know my rights. I know the law. . . . So this is not my first time, okay, through this . . . ."

Moreover, while Denham did not expressly waive his *Miranda* rights, his course of conduct indicated that he impliedly waived them. *See Berghuis v.*

2

*Thompkins*, 130 S. Ct. 2250, 2262–63 (2010).  After being advised of his rights, Denham answered the detectives' questions, asked his own questions, and sought to negotiate a deal on his own behalf.

The district court also did not err in ruling that Denham's confession was voluntary.  Under the totality of the circumstances, the record does not show that the threats by the police to arrest Denham's father-figure, Mr. Fisher, coerced Denham into confessing.  *Garibay*, 143 F.3d at 536; *see also United States v. McShane*, 462 F.2d 5, 7 (9th Cir. 1972); *cf. Lynumn v. Illinois*, 372 U.S. 528, 534 (1963); *United States v. Tingle*, 658 F.2d 1332 (9th Cir. 1981).  Rather, Denham spent hours trying to figure out what information the police had and did not confess until almost two hours after the first discussion about Fisher occurred.  Denham also spent much of the interview seeking to negotiate a deal and spent "a lot more time talking about [his] car than he [did] talking about Mr. Fisher."

The district court did not err when it did not hold a *Franks* hearing.  *See Franks v. Delaware*, 438 U.S. 154 (1978).  Denham fails to show that any errors or omissions in Detective Carver's affidavit were deliberate or reckless, or that the affidavit was insufficient to establish probable cause even without the allegedly false statements.  *See United States v. Meek*, 366 F.3d 705, 716 (9th Cir. 2004); *United States v. Chavez-Miranda*, 306 F.3d 973, 979 (9th Cir. 2002).

3

The parties agree that the district court erred when it sentenced Denham to five years of supervised release. Denham pled guilty to bank burglary, 18 U.S.C. § 2113(a), and being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The bank burglary charge has a maximum term of imprisonment of twenty years, making it a Class C felony with a statutory authorized term of supervised release of three years. *See* 18 U.S.C. § 3559(a)(3). The felon in possession of a firearm charge, 18 U.S.C. § 922(g)(1), has a maximum ten-year penalty, 18 U.S.C. § 924(a)(1), and therefore does not have a higher term of supervised release. The terms of the supervised release may not be imposed consecutively. *See United States v. Sanders*, 67 F.3d 855, 856 (9th Cir. 1995). Accordingly, we reverse and remand for re-sentencing on this issue.

**AFFIRMED in part, REVERSED and REMANDED in part.**